**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

ENTERED FILED RECEIVED AUG 16 2013 AT BALTIMORE CLERK U.S. DISTRICT COURT DISTRICT OF MARYLAND BY DEPUTY

**RANJITH KEERIKKATTIL** *
*
**Plaintiff** * **Case No: WMN13CV2016**
*
**Vs.** *
*
**SOUTRY DE, et al.** *
*
**Defendants** *

**ANSWER OF DEFENDANT TO COMPLAINT – CIVIL ACTION**

For her Answer to Plaintiff's Complaint, Defendant Soutry De admits, denies and states as follows:

1. Defendant states that a response is not required at this time for paragraph 1.

**JURISDICTION AND VENUE**

2. Defendant denies paragraph 2 of the Complaint.

3. Defendant denies paragraph 3 of the Complaint.

4. Defendant denies paragraph 4 of the Complaint.

5. Defendant denies paragraph 5 of the Complaint.

**PLAINTIFF**

6. Defendant neither admits nor denies the allegation contained in paragraph 6.

**DEFENDANTS**

7. Defendant Soutry De neither admits nor denies paragraph 7.

8. Defendant Soutry De neither admits nor denies paragraph 8.

9. Defendant Soutry De neither admits nor denies paragraph 9.

10. Defendant Soutry De neither admits nor denies paragraph 10.

11. Defendant Soutry De neither admits nor denies paragraph 11.

12. Defendant Soutry De neither admits nor denies paragraph 12.

13. With regard to paragraph 13 of the Complaint, Defendant only admits that she was an undergraduate student at the University of Maryland, Baltimore County for a period of time. Defendant denies the rest of the allegations.

## FACTUAL BACKGROUND

14. Defendant neither admits nor denies paragraph 14 of the Complaint.

15. Defendant neither admits nor denies paragraph 15 of the Complaint.

16. Defendant neither admits nor denies paragraph 16 of the Complaint.

17. Defendant neither admits nor denies paragraph 17 of the Complaint.

18. Defendant neither admits nor denies paragraph 18 of the Complaint.

19. Defendant neither admits nor denies paragraph 19 of the Complaint.

20. Defendant neither admits nor denies paragraph 20 of the Complaint.

21. Defendant neither admits nor denies paragraph 21 of the Complaint.

22. Defendant neither admits nor denies paragraph 22 of the Complaint.

23. Defendant neither admits nor denies paragraph 23 of the Complaint.

24. Defendant neither admits nor denies paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in paragraph 25 of the Complaint.

26. Defendant neither admits nor denies paragraph 26 of the Complaint.

27. In regard to paragraph 27, Defendant only admits that upon appearing in front of a judge for a Peace Order hearing, the order was dismissed. Defendant denies the rest of the allegations.

28. Defendant neither admits nor denies paragraph 28 of the Complaint.

29. Defendant neither admits nor denies paragraph 29 of the Complaint.

30. Defendant neither admits nor denies paragraph 30 of the Complaint.

31. In regard to paragraph 31, Defendant only admits that a No Contact Order was put in place that prohibited the Plaintiff from contacting the Defendant. Defendant neither admits nor denies the other allegations.

32. Defendant neither admits nor denies paragraph 32 of the Complaint.

33. Defendant neither admits nor denies paragraph 33 of the Complaint.

34. Defendant neither admits nor denies paragraph 34 of the Complaint.

35. Defendant denies all the allegations in paragraph 35.

36. Defendant neither admits nor denies paragraph 36 of the Complaint.

37. In regard to paragraph 37, Defendant only admits to meeting with Mr. Cullen and Mr. Dillon privately for a few minutes before the hearing. Defendant neither admits nor denies the other allegations.

38. Defendant neither admits nor denies paragraph 38 of the Complaint.

39. Defendant neither admits nor denies paragraph 39 of the Complaint.

40. Defendant only admits that David Sweigart was a witness in the Hearing. Defendant neither admits nor denies the other allegations in paragraph 40.

41. Defendant only admits that Ms. De's testimony was fully credible and that he suggested an indefinite suspension. Defendant neither admits nor denies the other allegations in paragraph 41.

42. Defendant neither admits nor denies paragraph 42 of the Complaint.

43. Defendant neither admits nor denies paragraph 43 of the Complaint.

44. Defendant neither admits nor denies paragraph 44 of the Complaint.

45. Defendant neither admits nor denies paragraph 45 of the Complaint.

46. Defendant neither admits nor denies paragraph 46 of the Complaint.

47. Defendant neither admits nor denies paragraph 47 of the Complaint.

48. Defendant neither admits nor denies paragraph 48 of the Complaint.

49. Defendant neither admits nor denies paragraph 49 of the Complaint.

50. Defendant neither admits nor denies paragraph 50 of the Complaint.

51. With regard to paragraph 51, Defendant only admits that she and Mr. Sweigart are friends, they took few classes together, and they worked in the same lab for a period of time. Defendant denies all other allegation in paragraph 51.

52. Defendant denies all allegation in paragraph 52.

53. Defendant only admits that she thought she saw Mr. Keerikkattil following her home in April, and that she has no way of proving this. Defendant also admits the she accepted a facebook friend request from Plaintiff in May. Defendant neither admits nor denies the other allegations in paragraph 53.

54. Defendant denies all allegations in paragraph 54.

55. Defendant only admits that she never brought to anyone's attention at work that she thought Plaintiff was following her home. Defendant denies the other allegations in paragraph 55.

56. Defendant admits that she mistakenly wrote "July 8" on the peace order, and that she was out of state on that date. Defendant denies all other allegations in paragraph 56.

57. Defendant admits to seeing Plaintiff at UMBC (school/ place of work) sitting with his laptop a few times during Summer 2012. Defendant also admits to not reporting him to the

police since Plaintiff kept to himself and did not approach Defendant. Defendant denies all other allegations in paragraph 57.

58. Defendant admits that Plaintiff had approached her and started a conversation at the UMBC library on September 29, 2012 between 4:00 P.M. and 5:30 P.M. Defendant denies all other allegations in paragraph 58.

59. Defendant only admits that her peace order was denied in court and that Defendant made a report of the events to UMBC police as well. Defendant denies all other allegations in paragraph 59.

60. Defendant denies all claims in paragraph 60 of the Complaint.

61. Defendant neither admits nor denies paragraph 61 of the Complaint.

62. Defendant neither admits nor denies paragraph 62 of the Complaint.

63. Defendant neither admits nor denies paragraph 63 of the Complaint.

64. Defendant neither admits nor denies paragraph 64 of the Complaint.

65. Defendant neither admits nor denies paragraph 65 of the Complaint.

66. Defendant neither admits nor denies paragraph 66 of the Complaint.

67. Defendant neither admits nor denies paragraph 67 of the Complaint.

68. Defendant neither admits nor denies paragraph 68 of the Complaint.

69. Defendant neither admits nor denies paragraph 69 of the Complaint.

70. Defendant neither admits nor denies paragraph 70 of the Complaint.

71. Defendant neither admits nor denies paragraph 71 of the Complaint.

72. Defendant neither admits nor denies paragraph 72 of the Complaint.

73. Defendant neither admits nor denies paragraph 73 of the Complaint.

74. Defendant neither admits nor denies paragraph 74 of the Complaint.

75. Defendant neither admits nor denies paragraph 75 of the Complaint.

76. Defendant only admits that she did not have to face a Hearing Board at UMBC. Defendant neither admits nor denies the other allegations in paragraph 76.

77. Defendant only admits to continuing to work at CCBC for a period of time after Plaintiff left. Defendant denies all other claims in paragraph 77.

**COUNT I**

**42 U.S.C. 1983: Fourteenth Amendment Due Process**

78. With regard to paragraph 78 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

79. Defendant neither admits nor denies paragraph 79 of the Complaint.

80. Defendant neither admits nor denies paragraph 80 of the Complaint.

81. Defendant neither admits nor denies paragraph 81 of the Complaint.

82. Defendant neither admits nor denies paragraph 82 of the Complaint.

83. Defendant neither admits nor denies paragraph 83 of the Complaint.

84. Defendant neither admits nor denies paragraph 84 of the Complaint.

85. Defendant neither admits nor denies paragraph 85 of the Complaint.

86. Defendant neither admits nor denies paragraph 86 of the Complaint.

87. Defendant neither admits nor denies paragraph 87 of the Complaint.

88. Defendant neither admits nor denies paragraph 88 of the Complaint.

89. Defendant neither admits nor denies paragraph 89 of the Complaint.

**COUNT II**

**42 U.S.C. 1983: First Amendment Retaliation**

90. With regard to paragraph 90 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

91. Defendant neither admits nor denies paragraph 91 of the Complaint.

92. Defendant neither admits nor denies paragraph 92 of the Complaint.

93. Defendant neither admits nor denies paragraph 93 of the Complaint.

94. Defendant neither admits nor denies paragraph 94 of the Complaint.

95. Defendant neither admits nor denies paragraph 95 of the Complaint.

**COUNT III**

**Breach of Contract**

96. With regard to paragraph 96 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

97. Defendant neither admits nor denies paragraph 97 of the Complaint.

98. Defendant neither admits nor denies paragraph 98 of the Complaint.

99. Defendant neither admits nor denies paragraph 99 of the Complaint.

100. Defendant neither admits nor denies paragraph 100 of the Complaint.

**COUNT IV**

**Promissory Estoppel**

101. With regard to paragraph 101 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

102. Defendant neither admits nor denies paragraph 102 of the Complaint.

103. Defendant neither admits nor denies paragraph 103 of the Complaint.

104. Defendant neither admits nor denies paragraph 104 of the Complaint.

105. Defendant neither admits nor denies paragraph 105 of the Complaint.

106. Defendant neither admits nor denies paragraph 106 of the Complaint.

**COUNT V**

**Negligence**

107. With regard to paragraph 107 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

108. Defendant neither admits nor denies paragraph 108 of the Complaint.

109. Defendant neither admits nor denies paragraph 109 of the Complaint.

110. Defendant neither admits nor denies paragraph 110 of the Complaint.

111. Defendant neither admits nor denies paragraph 111 of the Complaint.

**COUNT VI**

**Negligence Per Se**

112. With regard to paragraph 112 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

113. Defendant neither admits nor denies paragraph 113 of the Complaint.

114. Defendant neither admits nor denies paragraph 114 of the Complaint.

115. Defendant neither admits nor denies paragraph 115 of the Complaint.

116. Defendant neither admits nor denies paragraph 116 of the Complaint.

**COUNT VII**

**Gross Negligence**

117. With regard to paragraph 117 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

118. Defendant neither admits nor denies paragraph 118 of the Complaint.

119. Defendant neither admits nor denies paragraph 119 of the Complaint.

120. Defendant neither admits nor denies paragraph 120 of the Complaint.

121. Defendant neither admits nor denies paragraph 121 of the Complaint.

**COUNT VIII**

**Negligent Training and Supervision of Employees**

122. With regard to paragraph 122 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

123. Defendant neither admits nor denies paragraph 123 of the Complaint.

124. Defendant neither admits nor denies paragraph 124 of the Complaint.

125. Defendant neither admits nor denies paragraph 125 of the Complaint.

126. Defendant neither admits nor denies paragraph 126 of the Complaint.

127. Defendant neither admits nor denies paragraph 127 of the Complaint.

**COUNT IX**

**Intentional Infliction of Emotional Distress**

128. With regard to paragraph 128 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

129. Defendant neither admits nor denies paragraph 129 of the Complaint.

130. Defendant neither admits nor denies paragraph 130 of the Complaint.

**COUNT X**

**Civil Conspiracy and Concert of Action**

131. With regard to paragraph 131 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

132. Defendant denies the allegations in paragraph 132.

133. Defendant denies the allegations in paragraph 133.

134. Defendant denies the allegations in paragraph 134.

135. Defendant denies the allegations in paragraph 135.

136. Defendant denies the allegations in paragraph 136.

137. Defendant denies the allegations in paragraph 137.

## COUNT XI

## Malicious Use of Civil Process

138. With regard to paragraph 138 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

139. Defendant denies the allegations in paragraph 139.

140. Defendant neither admits nor denies paragraph 140 of the Complaint.

141. Defendant neither admits nor denies paragraph 141 of the Complaint.

142. Defendant neither admits nor denies paragraph 142 of the Complaint.

143. Defendant denies the allegations in paragraph 143.

## COUNT XII

## Defamation

144. With regard to paragraph 144 of the Complaint, Defendant incorporates by reference the preceding paragraphs of this Answer as if fully restated herein.

145. Defendant denies the allegations in paragraph 145.

146. Defendant denies the allegations in paragraph 146.

147. Defendant denies the allegations in paragraph 147.

148. Defendant denies the allegations in paragraph 148.

149. Defendant denies the allegations in paragraph 149.

150. Defendant denies the allegations in paragraph 150.

151. Defendant denies the allegations in paragraph 151.

**PRAYER FOR RELIEF**

152. With respect to Plaintiff's prayer for relief, defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**AFFIRMATIVE AND OTHER DEFENSES**

153. Plaintiff's Complaint fails to state a claim upon which relief may be granted against these Answering Defendants.

154. The Answering Defendant denies any and all allegations of negligence on her part.

155. To the extent that Plaintiff has suffered damages, they were caused by person(s) over whom these Answering Defendants had no control or no right of control.

156. To the extent that Plaintiff has suffered damages, he has failed to mitigate such damages as required by law.

157. Plaintiff's claims are barred in whole or in part by contributory negligence and/or assumption of risk.

158. Plaintiff's claims are barred in whole or in part by his failure to join a necessary and/or indispensable party.

159. To the extent Plaintiff's claims were filed outside the applicable limitation periods, such claims are barred.

160. Plaintiff's alleged damages may be barred and/or limited in accordance with the after-acquired evidence doctrine and his own improper conduct.

161. Plaintiff's claims are barred in whole or in part by the doctrines of laches.

162. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

163. Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

164. Plaintiff's claims are barred in whole or in part by the doctrine of res *judicata*.

**WHEREFORE,** having fully answered, Defendant requests that the Plaintiff's Complaint be dismissed with prejudice for lack of subject matter jurisdiction and that she be awarded the costs incurred in defending this action.

Respectfully submitted,

By: [signature]

Soutry De, Pro Se
334 N. Beaumont Avenue
Catonsville, MD 21228

Date: August 14, 2013

**CERTIFICATE OF SERVICE**

I certify that on August 15th, 2013, I served a copy of the foregoing **Answer of Defendant to Complaint – Civil Action** on Ranjith Keerikkattil, Plaintiff pro se, by placing it in an envelope addressed to Ranjith Keerikkattil, Plaintiff pro se at 4707 Grand Bend Drive, Catonsville, MD 21228, and mailing it through the United States Postal Service by Certified Mail.

I declare that the statements above are true to the best of my information, knowledge and belief.

Signed: Soutry De

Soutry De
Defendant