IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND




RANJITH KEERIKKATTIL, *

Plaintiff, *

v. * Civil Action No.: WMN-13-02016

FREEMAN A. HRABOWSKI, et al., *

*

Defendants. *

* * * * ooo0ooo * * * *

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE**

**DEFENDANT SOUTRY DE'S AFFIRMATIVE DEFENSES**

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
Telephone: (443) 690-1031
rkeerikkattil@gmail.com

*Plaintiff, pro se*

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. ARGUMENT .......... 1

A. Failure to State a Claim .......... 3

B. Failure to Mitigate Damages .......... 4

C. Contributory Negligence .......... 5

D. Assumption of Risk .......... 6

E. Failure to Join a Necessary and/or Indispensable Party .......... 7

F. Statute of Limitations .......... 7

G. After-Acquired Evidence .......... 8

H. Laches .......... 9

I. Estoppel .......... 10

J. Waiver .......... 10

K. Res Judicata .......... 11

III. CONCLUSION .......... 12

## TABLE OF AUTHORITIES

### Cases

*ADM Partnership v. Martin*,
348 Md. 84, 702 A.2d 730 (1997) ........ 6

*Aguilar v. City of Lights of China Restaurant, Inc.*,
No. DKC 11-2416, 2011 WL 5118325 (D. Md. Oct. 24, 2011) ........ 2, 3

*Am. Gen. Assurance Co. v. Pappano*,
374 Md. 339, 822 A.2d 1212 (2003) ........ 8

*Ashcroft v. Iqbal*,
566 U.S. 662 (2009) ........ 2, 3

*Baltimore Cnty. v. State*,
232 Md. 350, 193 A.2d 30 (1963) ........ 5

*Baltimore Gas & Elec. Co. v. Flippo*,
348 Md. 680, 705 A.2d 1144 (1998) ........ 6

*Bell Atlantic v. Twombly*,
550 U.S. 544 (2007) ........ 2, 3

*Boldstar Tech., LLC v. Home Depot, Inc.*,
517 F.Supp.2d 1283 (S.D.Fla.2007) ........ 3

*Bradshaw v. Hilco Receivables, LLC*,
725 F. Supp. 2d 532 (D. Md. 2010) ........ 2, 3

*Dawkins v. Witt*,
318 F.3d 606 (4th Cir. 2003) ........ 10

*Dean v. Pilgrim's Pride Corp.*,
395 F.3d 471 (4th Cir. 2005) ........ 8

*Equal Employment Opportunity Comm'n v. Radiator Specialty Co.*,
610 F.2d 178 (4th Cir.1979) ........ 9

*Eriline Co. S.A. v. Johnson*,
440 F.3d 648 (4th Cir. 2006) ........ 8

*Food Fair Stores, Inc. v. Blumberg*,
234 Md. 521, 200 A.2d 166 (1964) ........ 11

*Goldstein v. Potomac Elec. Power Co.*,
285 Md. 673, 404 A.2d 1064 (1979) .......... 8

*Goodman v. Praxair, Inc.*,
494 F.3d 458 (4th Cir. 2007) .......... 8

*Hayne v. Green Ford Sales, Inc.*,
263 F.R.D. 647 (D. Kan. 2009) .......... 3

*Hecht v. Resolution Trust Corp.*,
333 Md. 324, 635 A.2d 394 (1994) .......... 8

*Hovnanian Land Inv. Group, LLC v. Annapolis Towne Centre at Parole, LLC*,
421 Md. 94, 25 A.3d 967 (2011) .......... 10

*Jones v. Taber*,
648 F.2d 1201 (9th Cir. 1981) .......... 1

*Laurel Sand & Gravel, Inc. v. Wilson*,
519 F.3d 156 (4th Cir. 2008) .......... 11

*Lemery v. Duroso*,
No. 4:09CV00167 JCH, 2009 WL 1684692 (E.D.Mo. Jun. 16, 2009) .......... 3

*McKennon v. Nashville Banner Publ'g Co.*,
513 U.S. 352 (1995) .......... 9

*National Wildlife Federation v. Burford*,
835 F.2d 305 (D.C. Cir.1987) .......... 9

*Owens-Illinois, Inc. v. Meade*,
186 F.3d 435 (4th Cir. 1999) .......... 7

*Pennwalt Corp. v. Nasios*,
314 Md. 433, 550 A.2d 1155 (1988) .......... 8

*Pueschel v. United States*,
369 F.3d 345 (4th Cir. 2004) .......... 11

*Questar v. Pillar*,
388 Md. 675, 882 A.2d 288 (2005) .......... 11

*Racick v. Dominion Law Assocs.*,
270 F.R.D. 228 (E.D.N.C. 2010) .......... 2

*Rogers v. Frush*,
257 Md. 233, 262 A.2d 549 (1970) .......... 6

*Schlossberg v. Epstein*,
534 A. 2d 1003, 73 Md. App. 415 (1988) .......... 4

*Schroyer v. McNeal*,
323 Md. 275, 592 A. 2d 1119 (1991) .......... 6

*Tobacco Workers Int'l Union v. Lorillard Corp.*,
448 F.2d 949 (4th Cir. 1971) .......... 9

*White v. Daniel*,
909 F.2d 99 (4th Cir. 1990) .......... 9

**Statutes**

Md. Code Ann., Cts & Jud. Proc. § 5-101 .......... 8

**Other Authorities**

5 CHARLES ALLEN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1271 (3d ed. 2011) .......... 1

22 Am. Jur. 2d, *Damages*, §§ 336-337 (2003) .......... 5

Black's Law Dictionary 1018 (7th ed. 1999) .......... 4

Restatement (Second) of Torts § 894 (1997) .......... 10

**Rules**

Fed. R. Civ. P. 8(c)(1) .......... 1

Fed. R. Civ. P. 11 .......... 3

Fed. R. Civ. P. 12(b)(6) .......... 4

Fed. R. Civ. P. 12(f) .......... 1, 2

Fed. R. Civ. P. 19(a) .......... 7

Fed. R. Civ. P. 19(b) ........ 7

Fed. R. Civ. P. 84 ........ 2

## I. INTRODUCTION

Plaintiff, Ranjith Keerikkattil, files this memorandum of law in support of his Motion to Strike Affirmative Defenses asserted by Defendant Soutry De. Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff moves this Court to strike each of the affirmative defenses filed with Defendants' answer. They contain no factual allegations whatsoever, and fall far short of the standard for pleadings in Federal Courts.

Though poorly pled, it appears as if Defendant De asserts the following Affirmative Defenses: Failure to State a Claim, Failure to Mitigate Damages, Contributory Negligence, Assumption of Risk, Failure to Join a Necessary and/or Indispensable Party, Statute of Limitations, After-Acquired Evidence, Laches, Estoppel, Waiver and Res Judicata. Answer (ECF No. 17), ¶¶ 153-164.

For the reasons set forth in this brief, the Plaintiff's Motion to Strike Defendant Soutry De's Affirmative Defenses should be granted.

## II. ARGUMENT

Federal Rules of Civil Procedure Rule 8(c)(1) states that a defendant "must affirmatively state any avoidance or affirmative defense," and provides a list of eighteen affirmative defenses.[1] However, this list of affirmative defenses "is not intended to be exhaustive".[2] The burden of proving an affirmative defense rests with the party asserting it. *Jones v. Taber*, 648 F.2d 1201, 1203 (9thCir. 1981).

---

[1] Those affirmative defenses are "accord and satisfaction; arbitration and award; assumption of risk; contributory negligence; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; and waiver." FED.R.CIV.P. 8(c)(1).

[2] 5 CHARLES ALLEN WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1271 (3d ed. 2011).

The Plaintiff seeks relief pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, which permits a court to "strike from a pleading an insufficient defense". Fed. R. Civ. P. 12(f). This Court has previously found that the plausibility standard set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 566 U.S. 662 (2009), applies as much to the pleading of affirmative defenses as it does to the pleading of allegations in a complaint. *See Bradshaw v. Hilco Receivables, LLC*, 725 F. Supp. 2d 532, 533 (D. Md. 2010); *see also Aguilar v. City of Lights of China Restaurant, Inc.*, No. DKC 11-2416, 2011 WL 5118325, at *2 (D. Md. Oct. 24, 2011) ("The majority of district courts, including those within this circuit, have concluded that the *Twombly–Iqbal* approach does apply to affirmative defenses." (citing *Bradshaw*, 725 F. Supp. 2d at 536; *Racick v. Dominion Law Assocs.*, 270 F.R.D. 228, 233 (E.D.N.C. 2010)). Thus, under the plausibility standard an assertion of an affirmative defense must contain "more than labels and conclusions" and a "formulaic recitation" of the elements of the defense. *See Twombly*, 550 U.S. at 555. Additionally, an assertion of an affirmative defense is insufficient if it does not contain "enough facts" demonstrating that it is "plausible on its face." *Id.* at 570.

Defendant De provides nothing more than bare-bones assertions of her affirmative defenses - the sort of "formulaic recitation" format that was rejected by the Supreme Court in *Bell Atlantic v. Twombly*. 550 U.S. 544. Additionally, these pleadings fail to comply with Form 30, appended to the Federal Rules of Civil Procedure by Rule 84[3] which offers examples of sufficiently pled affirmative defenses. As this Court has previously recognized, a proper affirmative defense, as illustrated in Form 30, includes "not only the name of the affirmative defense, but also facts in

[3] Rule 84 of the Federal Rules of Civil Procedure states as follows: "The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84.

support of it." *Aguilar*, 2011 WL 5118325, at *3 (reviewing Form 30's "Affirmative Defense—Statute of Limitations," in the Appendix to the Federal Rules of Civil Procedure).

As this Court emphasized in *Bradshaw*, "[p]leading requirements are intended to ensure that an opposing party receives fair notice of the factual basis for an assertion contained [in] a claim or defense." 725 F. Supp. 2d at 536. Moreover, the application of the *Twombly–Iqbal* standard to affirmative defenses "promote[s] litigation efficiency and will discourage defendants from asserting boilerplate affirmative defenses that are based upon nothing more than 'some conjecture that [they] may somehow apply.'" *Id.* (quoting *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D. Kan. 2009)).

Federal Rules of Civil Procedure Rule 11 by its terms governs all pleadings, including affirmative defenses. Defendant De has violated Rule 11 by filing her grossly inadequate "affirmative defenses". The affirmative defenses that she asserts falls short of the minimum pleading requirements for a federal litigant and are nothing more than "bare bones conclusory allegations". Defendant De appears to believe that the mere incantation of words of a particular doctrine or principle is a substitute for her obligation to include a short and plain statement of the facts upon which affirmative defense is premised. Therefore, the Court should strike each of them.

**A. Failure to State a Claim**

Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in the Plaintiff's prima facie case. *See Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D.Fla.2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense."); *Lemery v. Duroso*, No.

4:09CV00167 JCH, 2009 WL 1684692, at *3 (E.D.Mo. Jun. 16, 2009). Accordingly, despite its inclusion in Civil Form 30, failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense. Besides, De has failed to affirmatively state any bases for her argument that the Plaintiff failed to state a claim for relief. Also, the Plaintiff has already explained in detail why a motion to dismiss for failure to state a claim under Rule 12(b)(6) should be denied in ECF No. 15. Therefore, Defendant De's affirmative defense alleging Plaintiff's failure to state a claim should be stricken.

**B. Failure to Mitigate Damages**

The mitigation of damages doctrine is "[t]he principle requiring a plaintiff, after an injury or breach of contract, to use ordinary care to alleviate the effects of the injury or breach. If the defendant can show that the plaintiff failed to mitigate damages, the plaintiff's recovery may be reduced. – Also termed *avoidable-consequences doctrine*." Black's Law Dictionary 1018 (7th ed. 1999) (emphasis in original).

When it is determined that the doctrine applies, the burden is necessarily on the defendant to prove that the plaintiff failed to use "all reasonable efforts to minimize the loss he or she sustained." *Schlossberg v. Epstein*, 73 Md. App. 415, 422 (1988). As the Md. Court of Special Appeals had explained:

> Because it is aimed primarily at benefitting a defendant, the burden of proving that a loss could have been avoided by the exercise of reasonable effort on the part of the plaintiff is upon the defendant, whose breach of duty caused the damages suffered by the plaintiff. Thus, it is clear that the doctrine does not place any duty on a plaintiff or create an affirmative right in anyone.

*Id.* (citations omitted).

The failure to mitigate damages is not a cause of action unto itself, and is merely a defense by which a defendant is entitled to prove that a plaintiff's damages should be reduced because the plaintiff failed to take reasonable steps after a breach to reduce his own damages. See 22 Am. Jur. 2d, *Damages*, §§ 336-337 (2003).

Defendant De has failed to plead any facts to indicate that the Plaintiff had failed to use "all reasonable efforts to minimize the loss he sustained". Therefore, her defense based on nothing more than mere speculation should be stricken. Further, the mitigation of damages doctrine does not bar damages against the Defendant, it only reduces them.

**C. Contributory Negligence**

"[C]ontributory negligence is the neglect of duty imposed upon all men [and women] to observe ordinary care for their *own safety.*" *Baltimore Cnty. v. State*, 232 Md. 350, 362, 193 A.2d 30, 37 (1963) (quotations omitted) (emphasis added). The contributory negligence of the plaintiff is identified by an objective standard as "[i]t is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances." *Baltimore Cnty.*, 232 Md. at 362, 193 A.2d at 37 (quotations omitted).

Defendant De has failed to allege any facts to state that the Plaintiff did something that a person of ordinary prudence would not do or that he failed to do something that a person of ordinary prudence would do to jeopardize his own safety. Hence, De's affirmative defense of contributory negligence based on nothing more than bald accusations should be stricken.

**D. Assumption of Risk**

In Maryland, assumption of risk is defined as "an intentional and voluntary exposure to a known danger and, therefore, consent on the part of the plaintiff to relieve the defendant of an obligation of conduct toward him and to take his chances from harm from a particular risk." *Baltimore Gas & Elec. Co. v. Flippo*, 705 A.2d 1144, 1156 (Md. 1998) (quoting *Rogers v. Frush*, 262 A.2d 549, 554 (Md. 1970)).

To establish the defense of assumption of risk, the defendant must prove that the plaintiff "(1) had knowledge of the risk of the danger; (2) appreciated that risk; and (3) voluntarily confronted the risk of danger." *Id.* (quoting *ADM Partnership v. Martin*, 702 A.2d 730, 734 (Md. 1997)).

"The doctrine of assumption of risk will not be applied [as a matter of law] unless the undisputed evidence and all permissible inferences therefrom *clearly* establish that the risk of danger was *fully* known to and *understood* by the plaintiff." *Schroyer v. McNeal*, 323 Md. at 283, 592 A.2d at 1123 (emphasis added).

Defendant De has failed to allege any facts that indicate that the Plaintiff intentionally and voluntarily exposed himself to some known "danger", thereby relieving her from liability for Plaintiff's injury. In fact, De does not even state what the "danger" was that the Plaintiff voluntarily exposed himself to. In the absence of any facts whatsoever, her boilerplate affirmative defense of assumption of risk should be stricken.

**E. Failure to Join a Necessary and/or Indispensable Party**

When a defendant asserts an affirmative defense for failure to join a party, the Court conducts a two-step inquiry for applying Rule 19 of the FRCP, which governs joinder of parties. *See Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 440 (4th Cir. 1999). First, a court determines whether a party is necessary to the action. *Id.* Under Rule 19(a), a party is necessary if "in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a). If the party is necessary but his inclusion in the action would destroy diversity, then the court proceeds to the second part of the inquiry, which requires the court to decide if the party is indispensable under Rule 19(b). *Owens-Illinois*, 186 F.3d at 440. The court considers four factors: (1) the extent a judgment rendered would be prejudicial to the absent or existing parties; (2) whether relief can be shaped to lessen or avoid any prejudice; (3) whether a judgment will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed. Fed. R. Civ. Pro. 19(b). If the party is indispensable, meaning the action cannot proceed in that party's absence, then the case must be dismissed. *Owens-Illinois*, 186 F.3d at 440.

Defendant De fails to identify any necessary party in whose absence this Court cannot accord complete relief among existing parties. Since De's defense fails even at the first step of the two-step inquiry, the second part of the inquiry which requires the court to decide if the party is indispensable under Rule 19(b) is moot. Therefore her defense based on failure to join a party should be stricken.

**F. Statute of Limitations**

The statute of limitations is an affirmative defense that may be decided only "in the relatively rare circumstances where facts sufficient to rule on [the] affirmative defense are alleged

in the complaint." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *see also Dean v. Pilgrim's Pride Corp.*, 395 F.3d 471, 474 (4th Cir. 2005). The defendant bears the burden of affirmatively pleading its existence. *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006).

Statutes of limitations represent a legislative policy determination of an appropriate and reasonable time for a person of ordinary diligence to initiate a legal action. *See Pennwalt Corp. v. Nasios*, 314 Md. 433, 437, 550 A.2d 1155, 1158 (1988); *Goldstein v. Potomac Elec. Power Co.*, 285 Md. 673, 684, 404 A.2d 1064, 1069 (1979). Section 5-101 of the Courts and Judicial Proceedings Article of the Maryland Code generally provides a civil litigant with three years to file suit, dating from when the action accrues. *See Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 348, 822 A.2d 1212, 1218 (2003); *Hecht v. Resolution Trust Corp.*, 333 Md. 324, 333, 635 A.2d 394, 399 (1994). So, unless De can point to a different period of time prescribed by some other statute, the State's general statute of limitations is three years.

Defendant De states that "To the extent Plaintiff's claims were filed outside the applicable limitation period, such claims are barred" (Answer, ¶ 159). However, she does not even state what the claims are, the bare minimum for this Court to decide if any of the Plaintiff's claims are barred by statute of limitations. Hence De's boilerplate affirmative defense based upon nothing more than speculation that some of the Plaintiff's claims might be barred by statute of limitations should be stricken.

**G. After-Acquired Evidence**

An after-acquired evidence defense limits an employer's liability when the employer discovers evidence of "wrongdoing . . . of such severity that the employee in fact would have been

terminated on those grounds alone if the employer had known of it at the time of the discharge." *McKennon v. Nashville Banner Publ'g Co.*, 513 U.S. 352, 362-63 (1995).

After-acquired evidence is evidence of an **employee's** misconduct during the period of employment which the **employer** discovers after the employee's discharge on other grounds. The Plaintiff is at a loss to why Defendant De asserts after-acquired evidence doctrine since neither De nor any of the other Defendants in this suit were the Plaintiff's employer. It appears as if Defendant De copied this affirmative defense from some wrongful employment termination lawsuit without understanding the doctrine of after-acquired evidence. Hence, De's affirmative defense based on after-acquired evidence should be stricken.

### H. Laches

Laches is an affirmative defense which requires the defendant to prove (1) lack of diligence by the plaintiff and (2) prejudice to the defendant. *White v. Daniel*, 909 F.2d 99, 102 (4th Cir.1990), cert. denied, 501 U.S. 1260 (1991). Lack of diligence is shown when "the plaintiff delayed inexcusably or unreasonably in filing suit." *Id.* (quoting *National Wildlife Federation v. Burford*, 835 F.2d 305, 318 (D.C.Cir.1987), reh'g denied, 844 F.2d 889 (1988)).

The prejudice to the defendant must be a result of the plaintiff's delay in pursuing its claim. *Tobacco Workers Int'l Union v. Lorillard Corp.*, 448 F.2d 949, 958 (4th Cir.1971). A generalized allegation of harm resulting from the passage of time is not sufficient to show prejudice. *Equal Employment Opportunity Comm'n v. Radiator Specialty Co.*, 610 F.2d 178, 183 (4th Cir.1979).

Defendant De does not provide any factual allegations to state that the plaintiff delayed inexcusably or unreasonably in filing this suit and that she was prejudiced as a result of it. So, De's affirmative defense based on laches should be stricken.

**I. Estoppel**

In *Dawkins v. Witt*, 318 F.3d 606, 611 n.6 (4th Cir. 2003) (citations omitted), the Fourth Circuit described "the four traditional requirements for estoppel":

> "(1) [T]he party to be estopped knew the true facts; (2) the party to be estopped intended for his conduct to be acted upon or acted in such a way that the party asserting estoppel had a right to believe that it was intended; (3) the party claiming estoppel was ignorant of the true facts; and (4) the misconduct was relied upon to the detriment of the parties seeking estoppel."

The Restatement (Second) of Torts § 894 (1997) is also instructive. With respect to "equitable estoppel as an affirmative defense," it states, in part:

> (1) If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act . . . , the first person is not entitled . . . (b) to regain property or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the truth has so changed his position that it would be unjust to deprive him of that which he thus acquired.

Defendant De has pled no facts to support her estoppel defense. Without any factual support whatsoever, this defense is woefully insufficient and should be stricken.

**J. Waiver**

"Waiver is the intentional relinquishment of a known right . . . and may result from an express agreement or be inferred from circumstances." *Hovnanian Land Inv. Group, LLC v.*

*Annapolis Towne Centre at Parole, LLC*, 25 A.3d 967, 983 (Md. 2011) (quoting *Food Fair Stores, Inc. v. Blumberg*, 200 A.2d 166, 172 (Md. 1964)). A waiver of a contractual provision must be clearly established and will not be inferred from equivocal acts or language. *Questar v. Pillar*, 388 Md. 675, 687, 882 A.2d 288, 294 (2005).

Defendant De has pled no facts to indicate what her "waiver" theory is and therefore her affirmative defense based on waiver should be stricken.

**K. Res Judicata**

The doctrine of *res judicata* is "'designed to protect litigants from the burden of relitigating an identical issue with the same party or his privy and [to promote] judicial economy by preventing needless litigation.'" *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 161-62 (4th Cir. 2008) (internal quotations omitted)).

*Res judicata* (or claim preclusion) precludes the assertion of a claim after a judgment on the merits in a prior suit by the parties or their privies based on the same cause of action. *Pueschel v. United States*, 369 F.3d 345, 354-55 (4th Cir. 2004). "For the doctrine of *res judicata* to be applicable, there must be: (1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity of parties or their privies in the two suits." *Id.*

Defendant De has failed to allege any facts that indicate the existence of any previous lawsuits between her and the Plaintiff in either state or federal courts in which a final judgment had been issued on the same causes of actions as in this suit. Hence, the minimum requirements for *res judicata* have not been met and therefore, this affirmative defense should be stricken.

## III. CONCLUSION

For the foregoing reasons, Plaintiff, Ranjith Keerikkattil, respectfully requests that this Court grant his Motion to Strike Defendant Soutry De's Affirmative Defenses.

Respectfully submitted,

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
Telephone: (443) 690-1031
rkeerikkattil@gmail.com

*Plaintiff, pro se*