**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| RANJITH KEERIKKATTIL | * |
| *Plaintiff,* | * |
| v. | *   Civil Action No. WMN-13-02016 |
| FREEMAN A. HRABOWSKI, *et al.* | * |
| *Defendants.* | |
| | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## ANSWER OF DEFENDANTS JEFFREY CULLEN AND PAUL DILLON

Defendants Jeffrey E. Cullen and Paul Dillon, by undersigned counsel, answer the Complaint against them as follows:

1. Defendants neither admit nor deny paragraph 1 of the complaint, which states a legal conclusion.

2. Defendants neither admit nor deny paragraph 2 of the complaint, which states a legal conclusion.

3. Defendants neither admit nor deny paragraph 3 of the complaint, which states a legal conclusion.

4. Defendants neither admit nor deny paragraph 4 of the complaint, which states a legal conclusion.

5. Defendants neither admit nor deny paragraph 5 of the complaint, which states a legal conclusion.

6.	Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 6 of the complaint.

7.	Defendants admit that Freeman A. Hrabowski is, and was at times relevant to the complaint, the President of the University of Maryland, Baltimore County ("UMBC"). Defendants deny the remaining allegations in paragraph 7.

8.	Defendants admit that Nancy L. Young is, and was at times relevant to the complaint, the Vice President of Student Affairs at UMBC. Defendants deny the remaining allegations in paragraph 8.

9.	Defendants admit that Jeffrey E. Cullen is, and was at times relevant to the complaint, the Director of Office of Student Judicial Programs ("SJP") at UMBC. Defendants deny the remaining allegations in paragraph 9.

10.	Defendants admit that Paul Dillon is, and was at times relevant to the complaint, the Deputy Chief of Police at UMBC. Defendants deny the remaining allegations in paragraph 10.

11.	Defendants admit that William E. Kirwan is, and was at times relevant to the complaint, the Chancellor of the University System of Maryland ("USM"). Defendants deny the remaining allegations in paragraph 11.

12.	Defendants admit that the responsibilities of the Board of Regents of USM are set forth in the Maryland Code, which provisions speak for themselves. Defendants deny the remaining allegations in paragraph 12.

13.	Defendants admit the allegations in the first two sentences of paragraph 13 and deny the allegations in the third sentence of paragraph 13.

14. Defendants neither admit nor deny paragraph 14 of the complaint, which states a legal conclusion.

15. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 15 of the complaint.

16. Defendants neither admit nor deny paragraph 16 of the complaint, which states a legal conclusion.

17. Defendants neither admit nor deny paragraph 17 of the complaint, which states a legal conclusion and purports to quote from the UMBC Student Handbook, the terms of which speak for themselves.

18. Defendants deny the allegation in paragraph 18 of the complaint, but admit that there is a Code of Student Conduct at UMBC.

19. Defendants admit that all UMBC students must comply with UMBC's Code of Conduct. Defendants deny the remaining allegations in paragraph 19.

20. Defendants neither admit nor deny paragraph 20 of the complaint, which purports to cite to a web page.

21. Defendants neither admit nor deny paragraph 21 of the complaint, which purports to quote from the Code of Student Conduct, the terms of which speaks for themselves.

22. Defendants neither admit nor deny paragraph 22 of the complaint, which purports to quote from the SJP web site, the content of which speaks for itself.

23. Defendants neither admit nor deny paragraph 23 of the complaint, which states a legal conclusion.

24. Defendants neither admit nor deny paragraph 24 of the complaint, which states a legal conclusion.

25. Defendants admit that on October 1, 2012, the University Police received from Ms. De a report of alleged stalking behavior by the plaintiff. Defendants deny the remaining allegations in paragraph 25.

26. Defendants admit Mr. Tkacik sent the plaintiff a letter banning him from campus. Defendants deny the remaining allegation in paragraph 26.

27. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 27.

28. Defendants admit that the plaintiff inquired about the judicial hold placed on his account. Defendants deny the remaining allegations in paragraph 28.

29. Defendants admit that the plaintiff was charged with violating Rule 2 of the Code of Student Conduct. Defendants deny the remaining allegations in paragraph 29.

30. Defendants admit that a charge letter was sent to the plaintiff. Defendants deny the remaining allegations in paragraph 30.

31. Defendants admit that the plaintiff was invited to a Pre-Hearing Conference on November 5, 2012, the purpose of which was to discuss the Student Conduct Review process and the plaintiff's rights throughout the process. Defendants further admit that, at the conclusion of the Pre-Hearing Conference, SJP issued an "Order of No Contact with Soutry De" and banned the plaintiff from the buildings and grounds of UMBC. Defendants deny the remaining allegations in paragraph 31.

32. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 32 as to plaintiff's beliefs; Defendants deny the remaining allegations in paragraph 32.

33. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 33 as to the plaintiff's actions; Defendants deny the remaining allegations in paragraph 33.

34. Defendants admit that the plaintiff disputed Ms. De's claims and that Dr. Cullen indicated he would investigate the plaintiff's allegations. Defendants deny the remaining allegations in paragraph 34.

35. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 35.

36. Defendants admit that the plaintiff wrote a letter to Dr. Cullen. Defendants deny the remaining allegations in paragraph 36.

37. Defendants admit that on December 12, 2012, the UMBC Hearing Board met to adjudicate Ms. De's allegations against plaintiff. Defendants deny the remaining allegations in paragraph 37.

38. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 38, which concern the plaintiff's awareness, knowledge, and/or state of mind.

39. Defendants deny the allegations in paragraph 39.

40. Defendants admit that the plaintiff was advised that David Sweigart would testify at the hearing. Defendants deny the remaining allegations in paragraph 40.

41. Defendants deny the allegations in paragraph 41.

42. Defendants deny the allegations in paragraph 42.

43. Defendants deny the allegations in paragraph 43.

44. Defendants deny the allegations in paragraph 44.

45. Defendants deny the allegations in paragraph 45.

46. Defendants deny the allegations in paragraph 46.

47. Defendants neither admit nor deny paragraph 47 of the complaint, which states legal conclusions.

48. Defendants deny the allegations in paragraph 48.

49. Defendants deny the allegations in paragraph 49.

50. Defendants deny the allegations in paragraph 50.

51. Defendants deny the allegations in paragraph 51.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 53.

54. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 54.

55. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 55.

56. Defendants admit that Defendant De has stated that she made a mistake on her Peace Order petition. Defendants deny the remaining allegations in paragraph 56.

57. Defendants admit that Ms. De told UMBC Police that she felt threatened by the plaintiff's actions in summer 2012. Defendants deny the remaining allegations in paragraph 57.

58. Defendants admit that Ms. De told UMBC Police that she felt threatened by the plaintiff's action at the UMBC library. Defendants deny the remaining allegations in paragraph 58.

59. Defendants admit that Ms. De sought a peace order against the plaintiff. Defendants deny the remaining allegations in paragraph 59.

60. Defendants deny the allegations in paragraph 60.

61. Defendants admit that Kristin Waters referred to a personal experience during the hearing. Defendants deny the remaining allegations in paragraph 61.

62. Defendants neither admit nor deny paragraph 62 of the complaint, which states legal conclusions.

63. Defendants admit that the audio recorder was not working properly during the pre-hearing conference. Defendants deny the remaining allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants admit that the sanctions issued against the plaintiff were appropriate. Defendants deny the remaining allegations in paragraph 65.

66. Defendants neither admit nor deny paragraph 66 of the complaint, which states a legal conclusion.

67. Defendant denies the allegations in paragraph 67 and states that the terms of Rule 2 speak for themselves.

68. Defendants deny the allegations in paragraph 68.

69. Defendants neither admit nor deny paragraph 69 of the complaint, which states a legal conclusion.

70. Defendants admit that Mr. Tkacik gave the plaintiff a letter dated January 15, 2013, and that the Appellate Board convened on January 11, 2013, with Davonya L. Hall, Assistant Director of the Office of Student Judicial Programs, serving as the Conduct Officer. Defendants further admit that the Appellate Board upheld the findings and sanctions as mandated by the Hearing Board. Defendants deny the remaining allegations in paragraph 70.

71. Defendants deny the allegations in paragraph 71.

72. Defendants admit that the plaintiff wrote to Dr. Hrabowski. Defendants deny the remaining allegations in paragraph 72.

73. Defendants admit that the plaintiff wrote to the individuals identified in paragraph 73. Defendants deny the remaining allegations in paragraph 73.

74. Defendants admit that the plaintiff contacted the individuals identified in paragraph 74. Defendants deny the remaining allegations in paragraph 74.

75. Defendants deny the allegations in paragraph 75.

76. Defendants deny the allegations in paragraph 76.

77. Defendants deny, for lack of sufficient knowledge or information to form a belief, the allegations in paragraph 77.

## COUNT II[1]

90.     Defendants incorporate by reference the answers and defenses set forth in paragraph 1-77.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants neither admit nor deny paragraph 94 to the extent it states a legal conclusion, except that Defendants deny liability to the plaintiff.

95.     Defendants neither admit nor deny paragraph 95 to the extent it states a legal conclusion, except that Defendants deny liability to the plaintiff.

## AFFIRMATIVE DEFENSES

1.      The complaint fails to state a claim upon which relief can be granted.

2.      The plaintiff's claims are barred by the statute of limitations.

3.      Defendants have qualified immunity from the claims made in this case.

4.      Defendants generally deny liability to the plaintiff.

5.      Defendants deny that the plaintiff is entitled to the relief requested.

---

[1] Count II is the only remaining count against Defendants.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

/s/  Kristin P. Herber
KRISTIN P. HERBER, NO. 27125
Assistant Attorney General
Educational Affairs Division
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202
410-576-7917 (tel.); 410-576-6437 (fax)
kbainbridge@oag.state.md.us
kherber@oag.state.md.us

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of October, 2013, true and correct copies of the following documents were served upon Ranjith Keerikkattil, plaintiff, via e-mail and first class mail at the following address:

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228


/s/  Kristin P. Herber