# EXHIBIT C



DOUGLAS F. GANSLER
*Attorney General*

KATHERINE WINFREE
*Chief Deputy Attorney General*

JOHN B. HOWARD, JR.
*Deputy Attorney General*

## STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE No.

WRITER'S DIRECT DIAL No.

(410) 576-6450
E-mail: kbainbridge@oag.state.md.us

November 8, 2013

VIA:  Email:  rkeerikkattil@gmail.com
Mr. Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD  21228

Re:   *Keerikkattil v. Freeman A. Hrabowski, et al.*
      Civil Action No. WMN-13-02016
      U.S. District Court for the District of Maryland

Dear Mr. Keerikkattil,

I have reviewed your letter of October 25, 2013 and believe it does not accurately reflect our discussions of October 21, 2013. Rather, I believe the expected ESI search and production for UMBC set forth in your letter significantly expands and modifies the search and production to which we agreed in our October 21, 2013 discussions. Further, I believe your letter does accurately reflect my understanding of the ESI you agreed to produce.

In the spirit of cooperation, and in attempt to amicably resolve discovery disputes, UMBC agrees to expand our original agreement to include some, but not all, of the additional documentation that you have now identified. Please note that neither the original agreement nor this following modification includes any documents subject to any privilege and, further, is applicable only to ESI stored on UMBC owned equipment. Accordingly, and as numbered in your October 25, 2013 letter, UMBC will search its records for ESI pursuant to the following parameters:

1.   As originally agreed, UMBC will provide all word and .PDF documents in
     .PDF format. Expanding on the original agreement, UMBC will also provide
     files such as audio/video recordings, photos, text messages, and voice mails,
     in their native format as stored in the normal course of business and UMBC

200 Saint Paul Place  ❖  Baltimore, Maryland 21202-2021
Main Office (410) 576-6300  ❖  Main Office Toll Free (888) 743-0023
Consumer Complaints and Inquiries (410) 528-8662  ❖  Health Advocacy Unit/Billing Complaints (410) 528-1840
Health Advocacy Unit Toll Free (877) 261-8807  ❖  Homebuilders Division Toll Free (877) 259-4525  ❖  Telephone for Deaf (410) 576-6372
www.oag.state.md.us

Mr. Ranjith Keerikkattil
November 8, 2013
Page 2

shall not strip any metadata from such files.

2. As originally agreed, UMBC will search for all charge letters, sanction letters and appellate board letters (if applicable) maintained by the Office of Student Judicial Programs (SJP). Further, as originally discussed, the search will be limited to ESI beginning from the Fall, 2012 onwards and will only relate to charges under Rule 2 as to the following offenses: sexual exploitation or misconduct, sexual harassment, stalking, and sexual assault (subcategories b through h and m).

3. As originally agreed, UMBC will search SJP's files concerning Soutry De's complaint against you and your complaint against Ms. De.

4. As originally agreed, UMBC will search for documents concerning the investigations conducted by SJP and the University Police into the complaint made by Soutry De against you and your complaint against Ms. De.

5. Expanding on the original agreement, UMBC will search communications including, but not limited to, e-mails, text message, voice messages and call logs from October 1, 2012 through May 31, 2013 between Davonya Hall, Paul Dillon, Jeff Cullen and Soutry De concerning Soutry De's complaint against you and your complaint against Ms. De.

6. As originally agreed, UMBC will search SJP's files for Hearing Board and Appellate Board training materials maintained by SJP during the Fall 2012 semester. Expanding on the original agreement, UMBC will also search SJP's files for Hearing Board and Appellate Board training materials maintained by SJP for the entire 2012-2013 academic year.

7. As originally agreed, UMBC will search for documents and recordings relating to meetings of Appellate Board on January 11, 2013 that relate to your appeal of the sanctions against you.

8. Expanding on the original agreement, UMBC will search for all communications including but not limited to e-mails, text messages, voice messages and call logs between Paul Dillon and Soutry De from October 1, 2012 to present.

Mr. Ranjith Keerikkattil
November 8, 2013
Page 3

9.   Because they are beyond the scope of discovery and were never agreed upon
     during our discussions, UMBC will not "search for all complaints/records of
     allegations of misconduct made by any current or past member of the UMBC
     community against Mr. Dillon and Mr. Cullen on file with UMBC".

10.  Expanding on the original agreement, UMBC will search for all documents
     and recordings relating to Mr. Cullen's meeting, if any, with Ms. De on
     October 26, 2012 at 1 PM.

11.  Expanding on the original agreement, UMBC will search for all documents
     and recordings relating to Davonya Hall's meeting, if any, with Ms. De in
     May 2013.

12.  Because they are beyond the scope of discovery and were never agreed upon
     during our discussions, UMBC will not "search for all communications and
     documents exchanged between UMBC employees (including but not limited
     to Paul Dillon) and Sexual Assault Legal Institute (SALI) with regard to
     Soutry De's pro bono defense at the Circuit Court for Baltimore County on
     January 15, 2013."

13.  Because they are beyond the scope of discovery and were never agreed upon
     during our discussions, UMBC will not "search for Paul Dillon's timesheet
     submitted for the pay periods that includes December 3, 2012 and January 15,
     2013, the days when he represented Ms. De in state courts."

14.  Because they are beyond the scope of discovery and were never agreed upon
     during our discussions, UMBC will not "search for any expense reports filled
     by Paul Dillon and Chris Tkacik for time spent at the Circuit Court on January
     15, 2013."

15.  Expanding on the original agreement, and subject to privilege, UMBC will
     search for e-mail correspondence from October 1, 2012 through May 31, 2013
     between Soutry De, Jeff Cullen, Paul Dillon, Davonya Hall, Chris Tkacik and
     Bruce Perry regarding Soutry De's complaint against you and your complaint
     against Ms. De.

16.  Expanding on the original agreement, subject privilege, UMBC will search
     for all communications sent or received by Freeman Hrabowski and Nancy

Mr. Ranjith Keerikkattil
November 8, 2013
Page 4

Young relating to this case.

17. Because they are beyond the scope of discovery, subject to privilege and were never agreed upon during our discussions, USM will not search "for all communications sent or received by Chancellor William Kirwan, Board of Regents, Janice Doyle and Tracey Jamison relating to this case."

18. Expanding on the original agreement, UMBC will search for all documents concerning the subject matter of this case "that it shared with including but not limited to U.S. Department of Education, Office of Civil Rights, Maryland Higher Education Commission and any federal or state agency."

19. Expanding on the original agreement, UMBC will search for documents submitted by UMBC to David Mosca, Director of Internal Audit at USM, regarding allegations against Paul Dillon relating to Ms. De's complaint against you and your complaint against Ms. De.

20. Because it is beyond the scope of discovery and was never agreed upon during our discussions, UMBC will not search "for all evidence it has regarding sexual intercourse (vaginal, anal, oral, digital) between Soutry De and Paul Dillon as well as sexual exploitation of Ms. De by Mr. Dillon."

In addition to misstating the agreement as to the ESI for which UMBC would search for and produce, I believe there is a misunderstanding of the ESI requested from you. It was my understanding that you would produce ESI other than that which is already electronically stored on UMBC's system. The agreement was not contingent upon being given any access and such access is not necessary for you to produce the agreed upon ESI. As such, and in light of UMBC's agreement to expand its ESI production beyond our original agreement, I look forward to your compliance with your original agreement and your cooperation as we move forward with the discovery process.

Very truly yours,

Katherine D. Bainbridge
Assistant Attorney General

cc: David R. Gleason, General Counsel for UMBC