IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| RANJITH KEERIKKATTIL | * |
| *Plaintiff,* | * |
| v. | *  Civil Action No. WMN-13-02016 |
| FREEMAN A. HRABOWSKI, *et al.* | * |
| *Defendants.* | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION TO QUASH SUBPOENAS

### INTRODUCTION

Plaintiff, Ranjith Keerikkattil, files this memorandum of law in support of his motion to quash subpoenas for production of documents issued by Defendants Jeffrey E. Cullen and Paul Dillon to The Community College of Baltimore County, University of Maryland Baltimore County, Towson University and General Dynamics Corporation.

### PROCEDURAL HISTORY

On July 12, 2013, the Plaintiff, Ranjith Keerikkattil, filed a complaint against UMBC President Freeman A. Hrabowski, the Board of Regents of the University System of Maryland ("USM"), USM Chancellor William E. Kirwan, UMBC Vice President of Student Affairs Nancy L. Young, UMBC Director of the Office of Student Judicial Programs Jeffrey E. Cullen, Deputy Chief of UMBC Police Paul Dillon, and former

UMBC student Soutry De based on false and misleading claims against the Plaintiff by Soutry De.

In an order dated September 23, 2013, this Court sustained Count II (First Amendment Retaliation) as to Defendants Cullen and Dillon in their individual and official capacities, and denied them qualified immunity.

On December 16, 2013[1], Defendants Cullen and Dillon through their attorney issued the following improper requests for documents relating to the Plaintiff:

> University of Maryland Baltimore County[2]
> Please provide any and all records in your custody, possession or control which are set forth below, for the period from 2005 to present, relating to Ranjith Keerikkattil, Date of Birth: [redacted], SSN: [redacted]:
> The records are to include, but not be limited to:
> A. Documents and Records relating admission, including applications;
> B. Documents and Records relating to payments for tuition and other expenses, including all financial aid related records;
> C. Course enrollment and course schedules, including dates and times of all courses enrolled by Ranjith Keerikkattil;
> D. The name of each teacher, professor or other aid of all courses enrolled by Ranjith Keerikkattil;
> E. Attendance Records;
> F. Records of achievement, including transcripts;
> G. Any and all contact information for Ranjith Keerikkattil and
> H. Any records of any communication by or relating to Ranjith Keerikkattil, in any form, including computer "logs" or "notes".
>
> Towson University[3]
> Please provide any and all records in your custody, possession or control which are set forth below, for the period from 2005 to present, relating to Ranjith Keerikkattil, Date of Birth: [redacted], SSN: [redacted]:
> The records are to include, but not be limited to:
> A. Documents and Records relating admission, including applications;
> B. Documents and Records relating to payments for tuition and other expenses, including all financial aid related records;

---

1 Defendants re-issued the above subpoenas on December 20, 2013 with a return date of January 20, 2014 after correcting a typographical error in the case number.
2 Exhibit 1
3 Exhibit 2

2

C. Course enrollment and course schedules, including dates and times of all courses enrolled by Ranjith Keerikkattil;
D. The name of each teacher, professor or other aid of all courses enrolled by Ranjith Keerikkattil;
E. Attendance Records;
F. Records of achievement, including transcripts;
G. Any and all contact information for Ranjith Keerikkattil and
H. Any records of any communication by or relating to Ranjith Keerikkattil, in any form, including computer "logs" or "notes".

The Community College of Baltimore County[4]
Please provide any and all records in your custody, possession or control which are set forth below, for the period from 2005 to present, relating to Ranjith Keerikkattil, Date of Birth: [redacted], SSN: [redacted]:
The records are to include, but not be limited to:
A. Documents and Records relating admission, including applications;
B. Documents and Records relating to payments for tuition and other expenses, including all financial aid related records;
C. Course enrollment and course schedules, including dates and times of all courses enrolled by Ranjith Keerikkattil;
D. The name of each teacher, professor or other aid of all courses enrolled by Ranjith Keerikkattil;
E. Attendance Records;
F. Records of achievement, including transcripts;
G. Any and all contact information for Ranjith Keerikkattil and
H. Any records of any communication by or relating to Ranjith Keerikkattil, in any form, including computer "logs" or "notes".

General Dynamics Corporation[5]
Please provide any and all records in your custody, possession or control relating to Ranjith Keerikkattil, Date of Birth: [redacted], SSN: [redacted].
The records are to include, but not be limited to:
1. Any and all documents and records, including but not limited to emails, relating to any and all employment of Ranjith Keerikkattil.

The Plaintiff moves the Court to quash the subpoenas on the grounds that 1) Defendants' Subpoenas Seek Plaintiff's Confidential Educational and Employment Records and 2) Defendants' Subpoenas Are Overbroad and Are Not Reasonably Calculated to Lead to Discovery of Admissible Evidence. Plaintiff also concurrently

---

4 Exhibit 3
5 Exhibit 4; Plaintiff has not been notified by GD regarding this subpoena. So he is unsure if the subpoena has been properly served on GD.

3

moves for a protective order to prevent disclosure of Plaintiff's Confidential Educational and Employment Records as well as to require Defendants to seek leave of court explaining the relevance of these records before issuing any further subpoenas for them.

## ARGUMENT

### I. Defendants' Subpoenas Seek Plaintiff's Confidential Educational and Employment Records

"Generally, to have standing to challenge a subpoena, a person must assert his own legal interests." *AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, No. RDB-08-3388, 2010 U.S. Dist. LEXIS 37404, 2010 WL 1529195, at *5 (D. Md. April 15, 2010). Courts in this Circuit have granted a party standing to file a motion to quash a third-party subpoena, where the party demonstrated a personal right in the confidential information being sought. See *In re C.R. Bard, Inc. Pelvic Repair Sys. Products Liab. Litig.*, 287 F.R.D. 377, 383 (S.D. W. Va. 2012) (finding that the defendant had standing to file a motion to quash on the basis of the defendant's assertion that the third-party's production would result in the disclosure of "confidential and proprietary documents."). As will be explained in detailed below, Defendants seek Plaintiff's confidential educational and employment records that are completely irrelevant to the pending claims against them.

### a. Plaintiff's Educational Records are Protected under FERPA

Plaintiffs' subpoena should also be quashed because it seeks disclosure of protected information. Under F.R.C.P. 45 (c)(3)(A)(iii), the court shall quash or modify a subpoena

4

if it "requires disclosure of privileged or other protected matter and no exception or waiver applies."

Congress passed FERPA to "'deter schools from indiscriminately releasing student records" and to place 'a heavy burden on a party seeking access to student records to demonstrate a genuine need which outweighs the student's privacy interest.'" *Smith v. Duquesne University,* 612 F. Supp. 72, 80 (W.D. Pa. 1985) *quoting* 120 Cong. Rec. S.39858 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell).

The purpose of FERPA is to "assure parents of students . . . access to their education records and to protect such individuals' right to privacy by limiting the transferability (and disclosure) of their records without their consent." *Rios v. Read,* 73 F.R.D. 589, 597 (E.D.N.Y. 1977) (quoting 120 Cong. Rec. S21497 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell)). Before approval is given, the party seeking disclosure is required to demonstrate a genuine need for the information that outweighs the privacy interests of the students." *Rios,* 73 F.R.D. at 599 (citing S. Rep. No. 93-1026, at 187 (1974), reprinted in 1974 U.S.C.C.A.N. 4251 ("The need to protect students' rights must be balanced against legitimate Federal needs for information.")). Accordingly, a party seeking disclosure of education records protected by FERPA bears "a significantly heavier burden . . . to justify disclosure than exists with respect to discovery of other kinds of information, such as business records." *Rios,* 73 F.R.D. at 598.

Defendants have come nowhere near in meeting the heavy burden on them under FERPA to gain access to Plaintiff's confidential educational records. Plaintiff's past educational records such as transcripts and admission applications have nothing to do

5

with Defendants conduct at the Hearing. Therefore, in the absence of any strongly compelling reasons that clearly outweigh Plaintiff's privacy interests, Defendants' subpoena for Plaintiff's confidential educational records should be quashed.

### b. Plaintiff Has Standing to Challenge Subpoenas Directed to His Employers

Even though the Plaintiff has been unable to identify any cases within the Fourth Circuit regarding whether a party possesses a personal right in the information contained in employment records sufficient to confer standing, numerous courts from within a wide variety of circuits have approved the existence of such a right and have held that such parties have standing to challenge subpoenas directed to their former employers. *See, e.g., Hendricks v. Total Quality Logistics. LLC*, 275 F.R.D. 251, 253 n.1 (S.D. Ohio 2011) ("[C]ourts have repeatedly found that an individual possesses a personal right with respect to information contained in employment records and, thus, has standing to challenge such a subpoena.") (citing *Barrington v. Mortage IT, Inc.*, No. 07-61304-CIV, 2007 U.S. Dist. LEXIS 90555, 2007 WL 4370647, at *2 (S.D. Fla. Dec. 10, 2007)); *Barrington*, 2007 U.S. Dist. LEXIS 90555, 2007 WL 4370647, at *2 (same, and collecting cases); *Chamberlain v. Farmington Sav. Bank*, No. 3:06CV01437, 2007 U.S. Dist. LEXIS 70376, 2007 WL 2786421, at *1 (D. Conn. Sept. 25, 2007) ("The plaintiff clearly has a personal right with respect to information contained in his employment records."); *Stewart v. Mitchell Transport*, No. 01-2546-JWL, 2002 U.S. Dist. LEXIS 12958, 2002 WL 1558210, at *2 (D. Kan. July 11, 2002) ("The Court finds that [the defendant] clearly has a personal right with respect to the information contained in his personnel files, job applications, and performance evaluations. Thus... [the defendant] has

standing to move to quash the subpoenas served on his employers ...."). Like Defendants' request for Plaintiff's educational records, Defendants' fail to explain how his employment records, in which he has a personal right, would be relevant for the pending claims against them.

## II. Defendants' Subpoenas Are Overbroad and Are Not Reasonably Calculated to Lead to Discovery of Admissible Evidence

Subpoenas must seek only information that is not "otherwise procurable by exercise of due diligence" and not overbroad. *United States v. McDonald*, 444 F. App'x 710, 711 (4th Cir. 2011) (citing *United States v. Nixon*, 418 U.S. 683, 699-700, 94 S. Ct. 3090, 41 L. Ed. 2d 1039 (1974)). A subpoena is overbroad if it "does not limit the documents requested to subject matter relevant to the claims or defenses." *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008).

Rule 26(b) limits the scope of discovery to those materials that are "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial, but it must appear to be "reasonably calculated to lead to the discovery of admissible evidence." *Id.* As such, the Court may quash a subpoena duces tecum as overbroad if it "does not limit the [documents] requested to those containing subject matter relevant to the underlying action." *In re Subpoena Duces Tecum*, 550 F. Supp. 2d at 612; see also *Sirpal v. Fengrong Wang*, No. WDQ-12-0365, 2012 U.S. Dist. LEXIS 97145, 2012 WL 2880565, at *5.

Rule 45(c)(3) requires the Court to quash a subpoena that "subjects a person to an undue burden." Fed. R. Civ. P. 45(c)(3); see also *Cook v. Howard*, No. 11-1601, 484 Fed. Appx. 805, 2012 U.S. App. LEXIS 18053, 2012 WL 3634451, at *6 n.7 (4th Cir. Aug. 24, 2012). This undue burden category "encompasses situations where the subpoena seeks information irrelevant to the case." *Id.* Moreover, "[a] subpoena imposes an undue burden on a party when [it] is overbroad." *In re Subpoena Duces Tecum*, 550 F. Supp. 2d at 612.

Here, Defendant's subpoenas duces tecum are both overbroad and not tailored to a particular purpose. Defendants' subpoenas command the production of the complete employment file of the Plaintiff, including application, evaluations, payroll records, correspondence, notes, records, omitting nothing." Such subpoenas could lead to the production of medical information, social security numbers, payroll information, income tax information, information about family members, and other documents completely extraneous to this litigation, and the Plaintiff finds it difficult to conceive of subpoenas which could be more expansively written than these. See *Hendricks*, 275 F.R.D. at 255-56 (noting, where the subpoenas at issue requested "any and all personnel documents pertaining to the named plaintiff," that "it [was] difficult to conceive of subpoenas which could be more expansively written than those at issue"); *Peña v. Burger King Corp.*, 2:12cv248-RBS-TEM, 2012 U.S. Dist. LEXIS 161492, *5 (E.D. Va. Sept. 21, 2012) (holding that subpoenas seeking "the complete employment file of Plaintiff including employment application, payroll records, medical records, evaluations, correspondence and all other records omitting nothing" were overbroad and could be quashed on that

basis alone) (emphasis in original); *Barrington*, 2007 U.S. Dist. LEXIS 90555, 2007 WL 4370647, at *4 (holding that subpoenas seeking "any and all documents, files and records, reflecting or relating to the employment" of each plaintiff were "overly broad on their face"); *Lewin v. Nackard Bottling Co.*, No. CV 10-8041-PCT-FJM, 2010 U.S. Dist. LEXIS 123738, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (holding subpoena of entire personnel file from former employers was overbroad); *United States EEOC v. Vista Unified Sch. Dist.*, No. 07-1825-IEG(LSP), 2008 U.S. Dist. LEXIS 96125, 2008 WL 4937000, at *1-2 (S.D. Cal. Nov. 17, 2008) (same); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05cv1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (same).

The same is the case with Defendants' overbroad request for Plaintiff's confidential educational records, protected under FERPA, that do not contain or would lead to the discovery of any admissible evidence regarding if Defendants' Cullen and Dillon "by seeking and imposing on him a more severe sanction as a result of his decision to defend himself, engaged in First Amendment Retaliation". ECF 20 at 16.

### III. Plaintiff Requests The Court to Issue a Protective Order

Pursuant to Fed. R. Civ. P. 26(c), a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]""Courts have consistently granted protective orders that prevent disclosure of many types of information." *Waterkeeper Alliance, Inc. v. Alan & Kristin Hudson Farm*, 278 F.R.D. 136, 140 (D.Md. 2011) (quotations omitted). Indeed, under Rule 26(c),

9

courts have "broad authority to limit discovery and prescribe alternative discovery mechanisms." *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 124 (D.Md. 2009).

Defendants have not stated a clear and convincing reason for initiating a fishing expedition into Plaintiff's educational and employment records. While conferring with Defendants' Counsel in order to resolve this discovery issue without court action[6], he stated that "information relating to your attendance, records and other history from your prior institutions and employers may lead to admissible information that: (1) reveals past acts similar in nature to those at issue here; (2) may be admissible for impeachment purposes; or (3) leads to the discovery of other admissible evidence relevant to the claims and/or defenses of the parties in this matter."[7] For the above reasons, Defendants should have specifically asked for records relating to any disciplinary proceedings against the Plaintiff at any of his prior educational institutions or employers rather than for his entire transcripts and employment files. Even then it would not lead to the discovery of any admissible evidence regarding if the Defendants retaliated at the Hearing since it has nothing to do with Plaintiff's past conduct. "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). Moreover, "extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness." Fed. R. Evid. 608(b); see also *Hango v. Royall*, 466 Fed. App'x 30, 34 (2d Cir. 2012) (holding both that a

---

[6] A motion for a protective order must include "a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); D. Md. Loc. R. 104.7; Loc. R. App. A, Guideline 1.f.
[7] Exhibit 5

10

defendant's prior disciplinary history was properly precluded because it did not involve an element of deceit or falsification and that defendant's earlier allegedly false statements could not be admitted because proving their falsehood would have required the introduction of extrinsic evidence showing the statements made to be false).

The only defenses raised by the Defendants in their Answer (ECF 21 at 9) are failure to state a claim upon which relief can be granted, Plaintiff's claims are barred by statute of limitations, and Defendants have qualified immunity. As such, information contained within Plaintiff's transcripts and employment records have nothing to do with any of these defenses. Therefore, Plaintiff requests that the Court issue a protective order to prevent disclosure of Plaintiff's confidential educational and employment records as well as to require Defendants to seek leave of court explaining the relevance of these records before issuing any further subpoenas for them.

Besides, the Plaintiff has standing to challenge subpoenas duces tecum as irrelevant and overbroad under Rule 26, regardless of whether he has standing to bring a motion to quash under Rule 45. See. e.g., *Peña*, 2012 U.S. Dist. LEXIS 161492 at *4 ("It is not necessary for the Court to decide whether Plaintiff has standing under Rule 45 in this case, as Plaintiff has moved for a protective order under Rule 26 and clearly has standing to bring that motion."); *Sirpal*, 2012 U.S. Dist. LEXIS 97145, 2012 WL 2880565 at *4 n.12 (construing plaintiff's motion to quash as one for a protective order under Rule 26 and using relevance and overbreadth to quash the subpoena at issue); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C. 2005) (declining to consider standing for quashing subpoenas for employment records where party had alternatively

moved for protective order and analyzing challenge to subpoenas under Rule 26 standards); *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005) (finding that a party did not have standing to move to quash a subpoena for financial records, but holding that the party nonetheless had standing to challenge the relevancy of documents sought by subpoena and deeming the motion to quash as a motion for a protective order under Rule 26). Thus, as Plaintiff also has made a motion for a protective order, Plaintiff has standing to challenge the applicable subpoenas duces tecum, regardless of whether the Court considers his Motion under Rule 45 or Rule 26.

## CONCLUSION

For the foregoing reasons, Plaintiff, Ranjith Keerikkattil respectfully requests that the Court issue an order quashing the subpoenas served by the Defendants on The Community College of Baltimore County, University of Maryland Baltimore County, Towson University and General Dynamics Corporation.

Respectfully submitted,

*[signature]*

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
443-690-1031 (tel.)
rkeerikkattil@gmail.com

*Plaintiff, pro se*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of January, 2014, a copy of the foregoing was served by first class mail and electronic mail to:

> Erik J. Delfosse
> Assistant Attorney General
> Office of the Attorney General
> 200 St. Paul Place, 17[th] Fl.
> Baltimore, Maryland 21202-2021
> edelfosse@oag.state.md.us

*[signature]*