IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANJITH KEERIKKATTIL

    *Plaintiff,*

v.

FREEMAN A. HRABOWSKI, *et al.*
    *Defendants.*

Civil Action No. WMN-13-02016

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S REPLY IN SUPPORT OF
## HIS MOTION TO QUASH SUBPOENAS

### INTRODUCTION

Plaintiff, Ranjith Keerikkattil, files this reply in support of his motion to quash subpoenas for production of documents issued by Defendants Jeffrey E. Cullen and Paul Dillon to The Community College of Baltimore County, University of Maryland Baltimore County, Towson University and General Dynamics Corporation. The Plaintiff has also concurrently sought a protective order from the court to prevent disclosure of Plaintiff's confidential educational and employment records as well as to require Defendants to seek leave of court explaining the relevance of these records before issuing any further subpoenas for them.

## PROCEDURAL HISTORY

On July 12, 2013, the Plaintiff, Ranjith Keerikkattil, filed a complaint against UMBC President Freeman A. Hrabowski, the Board of Regents of the University System of Maryland ("USM"), USM Chancellor William E. Kirwan, UMBC Vice President of Student Affairs Nancy L. Young, UMBC Director of the Office of Student Judicial Programs Jeffrey E. Cullen, Deputy Chief of UMBC Police Paul Dillon, and former UMBC student Soutry De based on false and misleading claims against the Plaintiff by Soutry De.

In an order dated September 23, 2013, this Court sustained Count II (First Amendment Retaliation) as to Defendants Cullen and Dillon in their individual and official capacities, and denied them qualified immunity.

On January 13, 2014, Plaintiff filed a motion to quash the subpoenas on the grounds that 1) Defendants' Subpoenas Seek Plaintiff's Confidential Educational and Employment Records and 2) Defendants' Subpoenas Are Overbroad and Are Not Reasonably Calculated to Lead to Discovery of Admissible Evidence. The Plaintiff also requested that the Court enter a protective order to prevent disclosure of Plaintiff's confidential educational and employment records as well as to require Defendants to seek leave of court explaining the relevance of these records before issuing any further subpoenas for them.

On January 15, 2014, Defendants Cullen and Dillon through their attorney filed their opposition to Plaintiff's motion to quash. However, the Defendants in their Opposition still fail to explain the reason for initiating a fishing expedition into the

2

Plaintiff confidential educational and employment records. For the reasons detailed below, the Plaintiff reiterates his request that the Defendants' subpoenas be quashed.

## ARGUMENT

### I. Plaintiff's Confidential Educational and Employment Records Have No Relevance With Regard To Defendants' Conduct at the Hearing

The First Amendment Retaliation Claim against Defendants Cullen and Dillon is based on their conduct at the Hearing held on December 12, 2012. Specifically, the First Amendment Retaliation against Defendants' Cullen and Dillon alleges "by seeking and imposing on him a more severe sanction as a result of his decision to defend himself, engaged in First Amendment Retaliation". ECF 20 at 16. None of the document requests in the subpoenas that seek Plaintiff's past confidential educational and employment records are reasonably calculated to lead to the discovery of admissible evidence relating to Defendants conduct at the Hearing.

### II. Defendants Fail to Explain How Their Subpoenas Are Reasonably Calculated to Lead to Discovery of Admissible Evidence Regarding Their Pretextual Claims

Defendants' allege that the Plaintiff had asserted that the underlying charges against him were pretextual in nature. ECF 45 at 3. They allege that Plaintiff claimed that

3

"Defendants will not be able to prove that Plaintiff [allegedly] stalked[1] [Soutry] De besides in UMBC's Kangaroo Court where Defendants have absolute control" as the basis for their pretextual claim. *Id.* However, they fail again to state how a fishing expedition into Plaintiff's confidential past educational and employment records would help them find admissible evidence in defending their pretextual claim. In the absence of any demonstration by the Defendants of how their overbroad subpoenas are "reasonably calculated" to lead to the discovery of admissible evidence supporting or disputing the pretextual nature of the underlying alleged stalking claim, they should be quashed.

### III. Verification of Plaintiff's Non-Student Status Does Not Require These Overbroad Subpoenas

Defendants in their opposition claim the Plaintiff alleged that "Defendant Cullen made Plaintiff, a [UMBC] non-student, a 'student' without any legal basis", and "Plaintiff was an enrolled student at Towson during almost all the time during these allegations". ECF 45 at 4. Defendants further state that Plaintiff, by placing his "student" status at issue necessitated an enquiry into his educational records. *Id.* However, Christopher Tkacik's October 1, 2012 letter[2] clearly indicates that Plaintiff was not an enrolled student at UMBC at any time relevant to Soutry De's allegations (Ex. 1). Further, Defendant Cullen in his response to Plaintiff's request for admissions (Request No. 3) does indeed admit that Plaintiff was never an enrolled student at UMBC since

---

1 Plaintiff has never been accused of stalking in a Court of Law.
2 In fact the letter was titled "Keerikkattil, Ranjith - Non-student Campus Restriction.pdf".

May 2010 (Ex. 2). Further, for the express purpose of verifying the times at which the Plaintiff was enrolled at UMBC or Towson University, all they would have to do is to request enrollment verification with either institution, the instructions for which are available on their respective websites.[3] These enrollment verifications do not disclose any confidential educational records, but at the same time would enable the Defendants to identify the times at which the Plaintiff was enrolled and will enable them to verify his "student" status without engaging in a fishing expedition into Plaintiff's educational records. Further, enrollment records at CCBC, UMBC and Towson can be obtained from National Student Clearinghouse, a third party verifier (Ex. 3). In short, if Defendants' true intent is to obtain Plaintiff's enrollment records, they have less intrusive ways of doing so than the overbroad subpoenas that they had served.

### IV. *Maggard v. Essar Global, Ltd.* Does Not Support Defendants' Overbroad Subpoenas

In their Opposition, Defendants cite *Maggard v. Essar Global, Ltd.* in claiming that they "need make only the same showing as for any other discovery – that the information [protected under FERPA] is relevant and not privileged." *Maggard v. Essar Global, Ltd.*, 2013 U.S. Dist. LEXIS 166868 at *21-22 (W.D.W. Va. Nov. 25, 2013). If Defendants' Counsel carefully read *Maggard*, he would find that the court had granted

---

3 http://registrar.umbc.edu/services/records/enrollment-degree-verification; http://www.towson.edu/registrar/records/Enrollment_Verification.asp

the motion to quash the document request that "seeks any materials such as test scores and previous school transcripts." *Id* at *24.

In Maggard, the Plaintiff sought "all admissions-related materials submitted within the last five (5) years to the Stanford Graduate School of Business by or on behalf of Mr. Rewant R. Ruia, including but not limited to application(s), admissions essay(s), letter(s) of recommendation and any other materials/documents." *Id.* at *19. The court noted that "the subpoena, as written, could include information such as Rewant Ruia's test scores or previous school transcripts" that were completely irrelevant to the pending litigation. *Id.* at *23. The court then granted the motion to quash that "seeks any materials such as test scores and previous school transcripts" and restricted the subpoena to "any materials completed by Rewant Ruia himself" that were relevant to the case. *Id* at *24.

Even if Defendants' claim that the Plaintiff's confidential educational records protected under FERPA do not require a heightened burden for disclosure, they still have to show the relevance of these records sought. As Plaintiff had clearly stated before, none of these confidential educational records protected under FERPA are relevant to the First Amendment Retaliation Claim against Defendants Cullen and Dillon.

### V. Defendants Again Fail to State The Relevance of Plaintiff's Employment Records

From General Dynamics Corporation, Defendants Cullen and Dillon had requested:

6

> Please provide any and all records in your custody, possession, or control relating to Ranjith Keerikkattil ... :
> The records are to include, but are not limited to:
> 1. Any and all documents and records, including but not limited to emails, relating to any and all employment of Ranjith Keerikkattil.

ECF 45 at 4.

Defendants intends on using an e-mail that they claim that the Plaintiff had sent to Davonya Hall (ECF 45-1) to launch a fishing expedition into Plaintiff's entire employment records at General Dynamics Corporation. As explained in detail in ECF 44, Defendants seek information that is overbroad and has nothing to do with the First Amendment Retaliation Claim against them. Instead, their fishing expedition is going to net Plaintiff's Social Security Number, employment application, payroll records, medical records, evaluations, correspondence, and other documents that are completely extraneous to this litigation. Besides, Defendants' subpoena for e-mails is in itself overbroad. The Defendants do not restrict their search by any keywords or for certain time period, but rather seek all e-mails involving the Plaintiff during his entire career at General Dynamics.

*Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2003), cited by Courts in the Fourth Circuit such as *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 612 (E.D. Va. 2008) is instructive here. In *Theofel*, the defendant's subpoena "ordered production of 'all copies of e-mails sent or received by anyone' . . . with no limitation as to time or scope." *Theofel*, 359 F.3d at 1071. After the internet service provider produced 339 messages, many of which were unrelated to the litigation, privileged or personal, the plaintiffs asked the court to quash the subpoena. *Id.* Finding that the subpoena was

7

"massively overbroad," "patently unlawful," and violated the Federal Rules, the magistrate judge quashed the subpoena and awarded sanctions. *Id.* at 1071-72. The Court emphasized that "the defendant's attorney was supposed to avoid imposing an undue burden on the internet service provider and that the subpoena should have requested only e-mail related to the subject matter of the litigation, messages sent during some relevant time period or messages sent to or from employees in some way connected to the litigation." *Id.* at 1071, 1079. The court also emphasized that the subpoena was properly quashed because it imposed an undue burden on the internet service provider by being overbroad and requesting all of the parties e-mails. *Id.*

Defendants' claim that the Plaintiff may have used his General Dynamics e-mail address to communicate with UMBC does not constitute a license to initiate a fishing expedition into Plaintiff's entire employment record and is not reasonably calculated to lead to the discovery of admissible evidence regarding his first Amendment Retaliation Claim against the Defendants.

## CONCLUSION

For the foregoing reasons, Plaintiff, Ranjith Keerikkattil respectfully requests that the Court issue an order quashing the subpoenas served by the Defendants on The Community College of Baltimore County, University of Maryland Baltimore County, Towson University and General Dynamics Corporation. The Plaintiff also requests that the court enter an order to prevent disclosure of Plaintiff's confidential educational and

employment records as well as to require Defendants to seek leave of court explaining the relevance of these records before issuing any further subpoenas for them.

Respectfully submitted,

_____

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
443-690-1031 (tel.)
rkeerikkattil@gmail.com

*Plaintiff, pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of January, 2014, a copy of the foregoing was served by first class mail and electronic mail to:

> Erik J. Delfosse
> Assistant Attorney General
> Office of the Attorney General
> 200 St. Paul Place, 17th Fl.
> Baltimore, Maryland 21202-2021
> edelfosse@oag.state.md.us


_____