January 30, 2014

The Honorable William M. Nickerson
Senior United States District Judge
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: <u>Ranjith Keerikkattil v. Freeman Hrabowski, et al.</u>
    Civil Case No.: WMN-13-02016

Dear Senior Judge Nickerson:

I also concur with Mr. Delfosse and Mr. Hoskins that it is in the best interests of all parties that a Magistrate Judge be assigned to this case to resolve the pending discovery disputes. At the same time I disagree with Mr. Delfosse and Mr. Hoskins claims regarding Plaintiff's discovery requests. If Mr. Delfosse believes that any of subpoenas issued are irrelevant, then he is welcome to file a motion to quash and the Plaintiff would respond appropriately to any such motion.

Plaintiff does intend to request the Court to extend the discovery deadline. There are two main reasons, among others, for his request:

1. Defendant Paul Dillon had deleted text messages from his phone after the initiation of this litigation which is spoliation and gross negligence. ECF 47 at 5-6. Had his attorneys implemented a proper litigation hold preventing the destruction of these text messages, Plaintiff wouldn't have required to spend the extra effort in discovery to obtain them.
2. Defendant Jeffrey E. Cullen has continually maintained that it was the Hearing Board not him that came up with the sanctions in the Sanctions Letter. None of the documents provided by him to date has any evidence to support his claim. At the same time, Plaintiff's recording of the Hearing indicates that Defendant Cullen came up with these sanctions. To resolve with this dispute, Plaintiff would need to depose UMBC students who were members of the Hearing Board and Appellate Board. Plaintiff has attempted to contact these UMBC students multiple times at their UMBC e-mail addresses requesting them to provide him with an address to serve notices of deposition without success. It appears as if Defendant Cullen had instructed them not to cooperate. In fact, Mr. Delfosse has been responding to these e-mails telling them that they do not have to respond to the Plaintiff. That leaves the Plaintiff with only one option: to obtain these students addresses[1] from UMBC's Office of Student Judicial Programs and to serve notices for deposition on them at these addresses. This is exactly what the

---

[1] Student addresses are considered "directory information" and are not protected educational information under FERPA. See 20 U.S.C. § 1232g(a)(5)(A).

Plaintiff did in his Second Request for Production of Documents. Had Defendants been cooperative, Plaintiff would have been able to depose these UMBC students before the current discovery deadline.

The Plaintiff also requests that the Court rule on his Motion for Reconsideration (ECF 27) and his Motion for Leave to File Supplemental Brief (ECF 31) that have been fully briefed and are waiting disposition.

Thank you for your anticipated attention to this matter.

Very truly yours,

Ranjith Keerikkattil

Enclosure
cc: Erik J. Delfosse, Assistant Attorney General
    E. David Hoskins