

**DOUGLAS F. GANSLER**
*Attorney General*

**KATHERINE WINFREE**
*Chief Deputy Attorney General*

**JOHN B. HOWARD, JR.**
*Deputy Attorney General*

# STATE OF MARYLAND
# OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.

410-576-6437

WRITER'S DIRECT DIAL NO.

(410) 576-6412
E-mail: edelfosse@oag.state.md.us

February 6, 2014

The Honorable Stephanie A. Gallagher
United States Magistrate Judge
101 West Lombard Street
Baltimore, MD 21201

Re: *Ranjith Keerikkattil v. Freeman A. Hrabowski, et al.*
Case No.: WMN-13-02016

Dear Judge Gallagher:

As the result of ongoing negotiations, the parties and non-party Ms. Soutry De have reached a global Subpoena Resolution to all outstanding subpoenas *duces tecum* and the motions relating to them. In addition, the Plaintiff and the Defendants have come to a Production Agreement on Plaintiff's Second and Third Request for Production of Documents. Finally, Plaintiff has submitted modified sets of Second Interrogatories to the Defendants. In agreeing to accept the modified interrogatories, Defendants are not waiving any permissible objections and are not agreeing to produce any documents beyond those identified through the Subpoena Resolution and Production Agreement. The Production Agreement and Subpoena Resolution are evidenced by the separate correspondence attached as an exhibit to this filing.

In essence, and in exchange for an agreed upon production of documents, all subpoenas *duces tecum* in this matter are being withdrawn rendering the various motions to quash moot. Further, as part of the Production Agreement and Subpoena Resolution and the end of document production requests by the parties, the Plaintiff and Defendants agree to jointly request a modification of the scheduling order that extends the discovery deadline by 60 days to allow for the taking of any depositions in response to documents produced under the terms of the Agreement and/or Resolution. Consistent with the Federal Rules, the modification of the scheduling order would also extend the time for parties' Requests for Admissions to be filed. For your convenience, Defendants' Consent Motion For Modification Of The Scheduling Order is also attached.

In light of the above and the attached correspondence and Motion, the parties believe the assistance originally requested in this matter on the discovery issues is no longer necessary. On behalf of all involved, I thank you for your assistance in this matter. If you have any questions or wish to discuss the matter further, myself, Mr. Hoskins and Mr. Keerikkattil are available to you.

Very truly yours,

Erik J. Delfosse
Assistant Attorney General

cc: Ranjith Keerikkattil, *Pro Se Plaintiff*
E. David Hoskins, Esquire



DOUGLAS F. GANSLER
*Attorney General*

KATHERINE WINFREE
*Chief Deputy Attorney General*

JOHN B. HOWARD, JR.
*Deputy Attorney General*

## STATE OF MARYLAND
## OFFICE OF THE ATTORNEY GENERAL

FACSIMILE NO.

WRITER'S DIRECT DIAL NO.
(410) 576-6412
E-mail: edelfosse@oag.state.md.us

February 6, 2014

VIA:  Email:  rkeerikkattil@gmail.com and First Class Mail
Mr. Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD  21228

Re:   *Keerikkattil v. Freeman A. Hrabowski, et al.*
      Civil Action No. WMN-13-02016
      U.S. District Court for the District of Maryland

Dear Mr. Keerikkattil:

Pursuant to our recent discussions, I believe we have reached a Production Agreement, Subpoena Resolution and an agreement for Acceptance of Modified Interrogatories.  It is my belief that the following constitutes the agreements reached:

The Subpoena Resolution:

1.   All subpoenas issued by either party are to be withdrawn along with the motions to quash.

2.   My clients will produce in accordance with the agreement we reached yesterday on your Second and Third Document Requests to Dr. Cullen and Major Dillon.  Please note, however, I am still conferring with my client on this issue to ensure their acquiescence to the same.  In order to ensure you and I are in agreement on that production, I am attaching a separate Word document which I believe sets forth the agreement reached yesterday.  Please let me know if it accurately states your understanding of that agreement.

Mr. Ranjith Keerikkattil
February 6, 2014
Page 2

3. UMBC will produce its documents as set out in the Nov. 8, 2013 letter from Ms. Bainbridge to you.

4. For the documents requested in the subpoena to UMBC Police Chief, Mark Sparks, a good faith effort will be made to find and produce responsive documents. In doing so, it is understood that a variety of privileges may attach to documents obtained in the course of any police investigation and that any production will be subject to the assertion of those privileges.

5. The parties will jointly request a modification of the current Scheduling Order such that discovery will be extended an additional 60 days from the current deadline to allow for the taking of any depositions in response to documents produced in under the terms of the Production Agreement and/or Subpoena Resolution. In addition, no further document requests or subpoena *duces tecum* will be submitted from this point forward by either party. The parties will request that an Amended Scheduling Order be issued with the following deadlines and instructions:

   a. April 20, 2014: Discovery deadline; submission of status report;
   b. April 27, 2014: Requests for admission
   c. May 24, 2014: Dispositive pretrial motions deadline; and
   d. Both parties shall limit the total number of Requests for Admissions to 30 as per LR 104.1 and will serve on the other party on or before March 27, 2014.

6. The court will be notified that all subpoenas have been withdrawn along with all motions to quash of the same based on the parties' global resolution of the outstanding discovery issues and as evidenced by this correspondence.

The Production Agreement:

1. In Response to Plaintiff's Second Request for Production to Major Dillon, the following responses are accepted by the Defendant:

   a. Major Dillon has no Documents responsive to Request No. 1;

   b. Major Dillon's current and updated resume will be produced and accepted as full production for Requests Nos. 2, 3, 7 and 10;

Mr. Ranjith Keerikkattil
February 6, 2014
Page 3

  c. In response to Request No. 4, and to the best of his information and belief, Major Dillon has no responsive documents. If responsive documents are discovered, have not already been produced and limited to matters relating to Rule 2, subcategories (b) – (h) and (m);

  d. Plaintiff withdraws Requests Nos. 5 & 6;

  e. In response to Request No. 8 and as regarding Major Dillon's role as "Campus Advocate", Major Dillon will produce the documents in his custody and control, subject to any necessary redactions; and

  f. In response for withdrawing Request No. 9, Major Dillon agrees that, to the best of his recollection, the text messages produced by Soutry De and as identified at her January 16, 2014 Deposition contain the entirety of text messages exchanged between Major Dillon and Soutry De.

2. In Response to Plaintiff's Third Request for Production to Major Dillon, the following responses are accepted by the Defendant:

  a. As to Request No. 1, all responsive documents have been produced; and

  b. As to Request No. 2 & 3, and to the best of his information and belief, Major Dillon has no responsive documents.

3. In Response to Plaintiff's Second Request for Production to Dr. Cullen, the following responses are accepted by the Defendant:

  a. Defendant withdraws Requests Nos. 3, 8, 10, 11, 12, 13, 14 & 15;

  b. For Requests Nos. 1 & 2, to the extent that the documents are in Dr. Cullen's custody, possession and/or control, to the extent the information provided is "directory information" under FERPA, and for those students who have not opted out of the directory, the documents will be produced;

  c. For Request No. 4, if any additional documentation exists and is responsive to this request, it will be produced;

Mr. Ranjith Keerikkattil
February 6, 2014
Page 4

    d.    Dr. Cullen has no documents responsive to Request No. 5;

    e.    For Request No. 6, if the documents are in Dr. Cullen's custody, possession and/or control, he will produce any responsive documents applicable to the 2011 revision (only) of UMBC's Code of Student Conduct;

    f.    For Request No. 7, Dr. Cullen's will produce any responsive documents regarding any training related to FERPA and/or U.S. Dept. Of Education OCR Regulations since 2008; and

    g.    For Request No. 9 and from 2010 forward, Dr. Cullen will produce the responsive documents for matters relating to Rule 2, subcategories (b) – (h) and (m).

4.    In Response to Plaintiff's Third Request for Production to Dr. Cullen, the following responses are accepted by the Defendant:

    a.    As to Request No. 1, to the extent they have not been produced, and for the Fall, 2012 & Spring, 2013 semesters, the responsive documents will be produced as to all matters involving Rule 2, subcategories (b) – (h) and (m); and

    b.    As to Request No. 2 & 3, Dr. Cullen will produce any responsive documents not previously produced.

Agreement to Accept the Modified Interrogatories:

1.    Defendants agree to accept and respond to the Modified Interrogatories as set forth in Plaintiff's February 4, 2014 e-mail to Defendants' counsel;

2.    Defendants acceptance of the Modified Interrogatories does not constitute a waiver of any lawful objections they have to specific Interrogatories stated therein and Defendants do not agree to the production of any documents identified in the Interrogatories in excess of those identified above in the Production Agreement and/or the Subpoena Resolution.

Thank you for your assistance in these matters. It is my hope that all documents subject

Mr. Ranjith Keerikkattil
February 6, 2014
Page 5

to the Agreement and Resolution will be produced to you by the close of business, Friday, February 14, 2014. If any problems arise with the proposed production date, I will inform promptly.

Very truly yours,

Erik James Delfosse
Assistant Attorney General

Enclosures
cc: E. David Hoskins, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RANJITH KEERIKKATTIL | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. WMN-13-02016 |
| FREEMAN A. HRABOWSKI, *et al.* *Defendants.* | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

### DEFENDANTS' CONSENT MOTION FOR MODIFICATION OF THE SCHEDULING ORDER

The Defendants, Jeffrey Cullen and Paul Dillon, through counsel and with the consent of the Plaintiff Ranjith Keerikkattil, move to modify the October 8, 2013 Scheduling Order and to allow for a 60 day extension of the discovery deadline and, accordingly, an extension of all other remaining deadlines and, in support of the consent motion state:

1. The parties have resolved certain outstanding discovery issues in this matter including an agreement as to Plaintiff's second and third document requests and a resolution of the production to be made under both parties outstanding subpoenas *duces tecum*.

2. Pursuant to the agreement and resolution, the parties agreed to request a modification of the October 8, 2013 Scheduling Order such that discovery will be extended an additional 60 days from the current deadline to allow for the taking of any depositions in response to documents produced in under the terms of the agreement

and/or resolution. In addition, no further document requests or subpoena *duces tecum* will be submitted from this point forward by either party.

3. In accordance with the agreement and resolution, the Defendants request that the October 8, 2013 Scheduling Order be modified as follows:

   a. April 20, 2014: Discovery deadline; submission of status report;

   b. April 27, 2014: Requests for admission

   c. May 24, 2014: Dispositive pretrial motions deadline; and

   d. Both parties shall limit the total number of Requests for Admissions to 30 as per LR 104.1 and will serve on the other party on or before March 27, 2014.

4. No trial date has been set in this matter and this is the first request to modify the October 8, 2013 Scheduling Order made by any party.

Respectfully submitted,

DOUGLAS F. GANSLER
Attorney General of Maryland

\_\_\_\_\_/s/_____
ERIK J. DELFOSSE
FEDERAL BAR NO. 18881
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Floor
Baltimore, Maryland 21202-2021
(410) 576-6412
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of February, 2014, a copy of the Defendants' Consent Motion For Modification Of The Scheduling Order was served via e-mail, pursuant to Fed. R. Civ. 5(b)(2)(E), and by regular mail to: Ranjith Keerikkattil, 4707 Grand Bend Drive, Catonsville, MD 21228, *Pro Se Plaintiff.*

/s/
Erik J. Delfosse

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANJITH KEERIKKATTIL                  *

   *Plaintiff,*                                         *

v.                                                      *   Civil Action No. WMN-13-02016

FREEMAN A. HRABOWSKI, *et al.*        *
   *Defendants.*
                                                                           *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## **ORDER**

Upon consideration of the Defendants' Consent Motion For Modification Of The Scheduling Order, it is this _____ day of _____, 2014,

ORDERED that the October 8, 2013 Scheduling Order be Modified as follows:

    a. April 20, 2014: Discovery deadline; submission of status report;

    b. April 27, 2014: Requests for admission:

    c. May 24, 2014: Dispositive pretrial motions deadline; and

    d. Both parties shall limit the total number of Requests for Admissions to 30 as per LR 104.1 and will serve on the other party on or before March 27, 2014

_____
JUDGE