May 13, 2014

The Honorable William M. Nickerson
Senior United States District Judge
United States District Court
for the District of Maryland
101 West Lombard Street
Baltimore, Maryland 21201

Re: *Ranjith Keerikkattil v. Freeman Hrabowski, et al.*
Civil Case No.: WMN-13-02016

Correspondence Regarding Motion To Compel & For *In Camera* Review

Dear Judge Nickerson:

I am writing this letter to kindly inform you that I would be filing a Motion To Compel & For *In Camera* Review by the end of this week. In the Plaintiff's Status Report filed on April 22, 2014, I had indicated that I would file a Motion To Compel & For *In Camera* Review for the responsive documents withheld/redacted from production by Defendants. Mr. Delfosse had requested for a week's extension to fulfill the pending discovery requests and I had consented to it (Ex. 1). Mr. Delfosse provided me with an updated Privilege Log on Sunday, May 4, 2014 around midnight (Ex. 2). However, Mr. Delfosse and I disagree on the privileges asserted by him in Defendants' Privilege Log making a Motion To Compel & For *In Camera* Review inevitable.

I will be happy to answer any questions that you may have during tomorrow's 10 AM call. Thank you for your anticipated attention to this matter.

Very truly yours,

Ranjith Keerikkattil
*Pro Se Plaintiff*

Enclosures
cc: The Honorable Stephanie A. Gallagher, U.S. Magistrate Judge
   Erik J. Delfosse, Assistant Attorney General

# Exhibit 1



## Privilege Log

1 message

**Delfosse, Erik** <edelfosse@oag.state.md.us>　　　　　　　　　　　　　　　Sat, May 3, 2014 at 1:33 PM
To: Ranjith Keerikkattil <rkeerikkattil@gmail.com>
Cc: "Dodge, Maria" <mdodge@oag.state.md.us>

Dear Mr. Keerikkattil:

I indicated to you that I would have a response to the privilege log issues to you by yesterday. Unfortunately I have been unable to work on the privilege log issues this week due to the ongoing trial. It was expected to be concluded this week but is extending until Wednesday or possibly Thursday of next week.

I am my office today and will have some response to you before I leave.


**Erik James Delfosse**

**Senior Counsel, Litigation**

Educational Affairs Division

Office of the Attorney General

200 St. Paul Place; 17th Floor

Baltimore, Maryland 21202-2021

(410) 576-6412



Ranjith Keerikkattil <rkeerikkattil@gmail.com>

## RE: Privilege Log Issues

**Delfosse, Erik** <edelfosse@oag.state.md.us>  Fri, Apr 25, 2014 at 1:56 PM
To: Ranjith Keerikkattil <rkeerikkattil@gmail.com>
Cc: "Dodge, Maria" <mdodge@oag.state.md.us>, "gleason@umbc.edu" <gleason@umbc.edu>, Chris Tkacik <tkacik@umbc.edu>, Jeff Cullen <jcullen@umbc.edu>, Paul Dillon <pdillon@umbc.edu>, "hrabowski@umbc.edu" <hrabowski@umbc.edu>, "bkirwan@usmh.usmd.edu" <bkirwan@usmh.usmd.edu>

Dear Mr. Keerikkattil,

I apologize for not responding sooner to you. I will be in weeklong trial next week that has, unfortunately, taken my considerably more of my time than I had hoped. I am filing my status report indicating that I will have updated privilege log and Supplementations by next Friday. I realize you are likely dissatisfied with the untimeliness of that response. I apologize for the delay.

Despite the date listed, it is, in fact, my expectation to have the Supplementation to you today or tomorrow.

As to the Privilege Log, and upon review, it is clear that, as you asserted, additional documents were presented with previously unredacted materials. As I indicated, however, this review was indeed time consuming. I am still in the process of reviewing the redacted information to confirm that it should, in fact, be redacted or whether, instead, it should be released. I will be working on that next week in the evenings and will have a response no later than Friday, May 2, 2014 on all issues addressed in you prior concerns.

Again, I apologize for the delay and will work diligently to resolve these outstanding issues. Any consideration you can give in these matters is greatly appreciated.

*Erik James Delfosse*

*Senior Counsel, Litigation*

Educational Affairs Division

Office of the Attorney General

200 St. Paul Place; 17th Floor

Baltimore, Maryland 21202-2021

(410) 576-6412

**From:** Ranjith Keerikkattil [mailto:rkeerikkattil@gmail.com]
**Sent:** Tuesday, April 22, 2014 7:26 PM
**To:** Delfosse, Erik
**Cc:** Dodge, Maria; gleason@umbc.edu; Chris Tkacik; Jeff Cullen; Paul Dillon; hrabowski@umbc.edu; bkirwan@usmh.usmd.edu
**Subject:** Re: Privilege Log Issues

Dear Mr. Delfosse,

Please find the status report filed with the court attached.

Sincerely yours,
Ranjith Keerikkattil

On Sun, Apr 20, 2014 at 5:36 AM, Ranjith Keerikkattil <rkeerikkattil@gmail.com> wrote:

Dear Mr. Delfosse,

It's almost a month since I had written to you about Defendants' failure to provide a completed and updated privilege log for documents redacted or withheld from production. Similarly, it's been more than a month since I've asked Defendants to supplement their Response to Plaintiff's Second Set of Interrogatories. To date I have received neither. Today is the official close of discovery and I am left with no choice but to file a status report that would clearly state that the Defendants have failed to fulfill the above, making a motion to compel and in camera review almost inevitable. Even though February 20th was the due date for all interrogatories and requests for productions, I had given Defendants until today to complete their discovery obligations. Defendant Paul Dillon is and has been out of office for over a week till April 21st on vacation. Same was the case with Defendant Jeffrey Cullen who was out of office last week. Since the Defendants are more interested in taking time off rather than fulfilling their discovery obligations, I see absolutely no point in giving them more time. Will send you copies once they are filed with the court.

Sincerely yours,

Ranjith Keerikkattil

On Mon, Apr 14, 2014 at 7:46 AM, Delfosse, Erik <edelfosse@oag.state.md.us> wrote:

Dear Mr. Keerikkattil,

Upon reviewing my earlier response, I see further clarification is needed.

The last document listed on the privilege log is Bates No.: DEF 1330. We are currently confirming that anything

produced under the DEF Bates number subsequent to No. 1330 is properly added to the privilege list.

Additionally, significant documents were provided separately by UMBC in response to your subpoena request and as part of the global discovery agreement. They were provided to me by UMBC in redacted form. As the documents so redacted appeared to have been previously produced in the "DEF" production, I indicated that I believed "all documents withheld or redacted have been listed" "and "that every document not currently listed on the privilege list has been produced in unredacted form." As you note, "there have even been many instances where I have received redacted copies of documents that were previously produced unreacted by the Defendants" that, of course, was the point.

Consistent with requirements and intent of discovery, we are reviewing all documents produced subsequent to Bates No. 1330 and those produced as part of the subpoena response. These documents will be compared to the prior production to determine if any document produced after DEF Bates No. 1330 or in the subpoena response in a redacted form has already been produced in an unredacted form as part of DEF 1 - 1330. If our review indicates that a document *not previously produced* has been withheld or produced in a redacted form, the document and/or its redactions will be added to the privilege list. Once we have determined that all documents withheld or redacted have been listed, I will address the specific concern you have raised in your prior correspondence.

**Erik James Delfosse**

**Senior Counsel, Litigation**

Educational Affairs Division

Office of the Attorney General

200 St. Paul Place; 17th Floor

Baltimore, Maryland 21202-2021

(410) 576-6412


**From:** Ranjith Keerikkattil [mailto:rkeerikkattil@gmail.com]
**Sent:** Sunday, April 13, 2014 2:47 PM
**To:** Delfosse, Erik
**Cc:** Dodge, Maria; gleason@umbc.edu; Chris Tkacik; Jeff Cullen; Paul Dillon; hrabowski@umbc.edu
**Subject:** Re: Privilege Log Issues


Dear Mr. Delfosse,

I respectfully disagree with your assertion that "all documents withheld or redacted have been listed" and "that every document not currently listed on the privilege list has been produced in unredacted form". The latest Privilege Log that I received was from December 23, 2013 and there have been many redacted documents that were produced after that date. In fact, there have even been many instances where I have received redacted copies of documents that were previously produced unreacted by the Defendants, calling into question the basis for the redactions.

Again, FERPA does not provide a carte blanche authorization to redact any documents that Defendants like. For crimes of violence and nonforcible sex offenses, FERPA permits the disclosure of the "final results" of a disciplinary hearing if that student was found responsible for violating the institutions rules or policies with respect

to such crime or offense. See **20 USC 1232g (b)(6)(B)**.[1] Under FERPA, "final results" and "outcome" include: the name of the accused student, the violation found to have been committed, and any sanction imposed. See **20 USC 1232g(b)(6)(C)**. Hence, I will not accept any redactions of student names on Charge Letter, Pre-Hearing Conference Letter, Hearing Board Sanction Letter or Appellate Board Decision Letter where the student was found responsible for committing crimes of violence and nonforcible sex offenses. I would need these names to conduct a detailed investigation of Defendants' conduct in these cases. Besides, if these students did indeed commit these offenses, they need to be held accountable under the law. On the other hand, if they were wrongfully convicted, their names need to be cleared.

Similarly, I will not accept any redactions unless there are clearly established laws authorizing such redactions. I look forward to reviewing your response.

Very truly yours,
Ranjith Keerikkattil

---

[1] Crimes of violence is defined in 18 U.S.C. 16 as: "offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 34 C.F.R. 99, Appendix A to Part 99 lists Crimes of Violence and their definitions, including arson, assault offenses, burglary, criminal homicide, destruction/damage/vandalism of property, kidnapping/abduction, and sex offenses.

On Thu, Apr 10, 2014 at 4:29 PM, Delfosse, Erik <edelfosse@oag.state.md.us> wrote:

Dear Mr. Keerikkattil:

We are in the process of confirming and finalizing the response to both your requests. It is my hope that we will be able to provide you with the supplementation by the end of next week.

As to the privilege log, we are in the process of comparing the various redacted and un-redacted information to determine exactly which documents have, in fact, been produced in an unredacted form and which have been redacted or withheld. Given the voluminous and duplicative nature of your various requests to the University, it is a significant effort to make the comparison. It is our belief that, all documents withheld or redacted have been listed. Further, despite any subsequent redactions, we believe that every document not currently listed on the privilege list has been produced in unredacted form. Prior to issuing a modified privilege list, however, we are seeking to confirm this by a thorough review.

All reasonable efforts to provide this information prior to the close of discovery will be made.

*Erik James Delfosse*

**Senior Counsel, Litigation**

**Educational Affairs Division**

**Office of the Attorney General**

**200 St. Paul Place; 17th Floor**

**Baltimore, Maryland 21202-2021**

**(410) 576-6412**

**From:** Ranjith Keerikkattil [mailto:rkeerikkattil@gmail.com]
**Sent:** Thursday, April 10, 2014 3:40 PM
**To:** Delfosse, Erik
**Cc:** Dodge, Maria; David Gleason; Christopher Tkacik
**Subject:** Re: Privilege Log Issues

Dear Mr. Delfosse,

I have not received a response from you for the following:

1. Privilege Log Issues Letter sent on March 26, 2014.

2. Request to Supplement Defendants' Response to Plaintiff's Second Set of Interrogatories sent on March 13, 2014.

As explained in the letter, the Privilege Log provided by the Defendants fails to comply with FCRP and LR for the District of Maryland. If I do not receive a reply from soon, I would be left with no options other than to file a motion to compel before the close of discovery.

I also intend to file a first amended complaint. Please let me know if you object to it. If I do not receive a response back from you, I assume that you don't have any objections and will be noted so in the court filing.

Very truly yours,

Ranjith Keerikkattil

On Wed, Mar 26, 2014 at 6:10 PM, Ranjith Keerikkattil <rkeerikkattil@gmail.com> wrote:

Dear Mr. Delfosse,

Please see the letter attached regarding Privilege Log produced by the Defendants.

Very truly yours,

Ranjith Keerikkattil

--

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

--

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

--

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

--

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

--

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Exhibit 2



Ranjith Keerikkattil <rkeerikkattil@gmail.com>

## Re: privilege log issues

1 message

**Ranjith Keerikkattil** <rkeerikkattil@gmail.com>  Mon, May 12, 2014 at 7:55 AM
To: "Delfosse, Erik" <edelfosse@oag.state.md.us>
Cc: pdillon <pdillon@umbc.edu>, Jeff Cullen <jcullen@umbc.edu>, "Dodge, Maria" <mdodge@oag.state.md.us>, David Gleason <gleason@umbc.edu>

Dear Mr. Delfosse,

Thank you for providing me the updated Privilege Log. Upon a thorough review of the Privilege Log and your response, I believe a Motion to Compel and for an *in camera* review would still be required to resolve the pending discovery disputes. I respectfully disagree with you regarding the following:

1. FERPA does not prohibit disclosures of perpetrators of crimes of violence and non-forcible sexual offenses, which includes almost all of the Rule 2 records that I had requested.

2. Law enforcement records are not protected under FERPA.

3. Based on the Privilege Log that you have provided, it is almost impossible for me to discern whether a valid claim for Attorney-Client Privilege exists or not. As you might be aware, just because an attorney is included in an e-mail does not make it protected under Attorney-Client Privilege. Further, I am very well aware that Christopher Tkacik used to be the Director of Student Judicial Programs and interacts often with members of SJP and Student Affairs in a non-attorney capacity. That being said, having a date and subject for the e-mails in the Privilege Log would have greatly helped.

I am not concerned about the redaction of Paul Dillon's address from his resume since I know it anyway. I look forward to reviewing the documents that you had agreed to produce that were inadvertently withheld as privileged.

I expect for file my motion to compel or, alternatively, for *in camera* review in the next few days.

You had indicated in Defendants' Status Report that you intend to file a Motion for Summary Judgment. Please let me know if you still intend to file it. I might most likely forego it. However, if you file one I will definitely oppose it.

Please also provide me the number for the conference call to be held on Wednesday, May 14 at 10:00 AM as per Judge Nickerson's order.

Sincerely,

Ranjith Keerikkattil

On Sun, May 4, 2014 at 1:53 AM, Delfosse, Erik <edelfosse@oag.state.md.us> wrote:

Dear Mr. Keerikkattil,

I am getting back to you as previously indicated.

Attached is the updated privilege log. I have reviewed it and believe certain corrections, additional disclosures and explanations are necessary.

1. DEF 000126-127: The documents are mislabeled on the privilege list and will be produced.

2. DEF 000130: This document will be produced in redacted form as it contains unprivileged documents. The redacted portion will be withheld under the attorney client privilege.

3. DEF 000132: This document was an email chain produced in redacted form and all redactions were made subject to the attorney client privilege.

For all documents withheld pursuant to the attorney/client privilege, the documents contain communications from one or more individuals within UMBC's general counsel's office to employees of UMBC or the Board of Regents and contain advice on matters and facts relating to this case.

In addition to the above, certain documentation was withheld because it exceeded the scope of the agreed upon discovery:

1. DEF 001600-1707, 002949: The personal identifying information of Mr. Dillon's phone records and resume was redacted as beyond the scope of the agreed upon discovery.

2. DEF 02164-2167: This document is a Rule 2 letter from 2006 that is beyond the scope of the scope of the agreed upon discovery.

All documents being withheld pursuant to FERPA contain personally identifying information and is being withheld pursuant to the discretion set forth in the statute. For the documents in question, the withholding is either mandatory or permissive under that statute.

*Erik James Delfosse*

*Senior Counsel, Litigation*

Educational Affairs Division

Office of the Attorney General

200 St. Paul Place; 17th Floor

Baltimore, Maryland 21202-2021

(410) 576-6412

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

# Privilege Log

Kerrikkattil v. Hrabowski, et al.
USDC
Case No.: WMN-13-02016
As of April 21, 2014

| Bates Numbers | Document Description | From | To | CC: | Reason For Privilege |
|---|---|---|---|---|---|
| DEF 126 | Email | David Gleason | Paul Dillon | | Attorney Client Privilege |
| DEF 127 | Email | David Gleason | Paul Dillon | | Attorney Client Privilege |
| DEF 522 | Email | Ginny Kellman | Christopher Tkacik | | Attorney Client Privilege |
| DEF 526 | Email | Christopher Tkacik | Ginny Kellman, Jeff Cullen, Student Judicial Program | | Attorney Client Privilege |
| DEF 538 - 545 | Email | Jeff Cullen | Christopher Tkacik | David Gleason, Nancy Young | Attorney Client Privilege |
| DEF 759 | Email | Christopher Tkacik | Jeff Cullen | Ginny Kellman | Attorney Client Privilege |
| DEF 871 - 878 | Email | Jeff Cullen | Christopher Tkacik | David Gleason, Nancy Young | Attorney Client Privilege |
| DEF 1107 | Email | Christopher Tkacik | Jeff Cullen | Ginny Kellman | Attorney Client Privilege |
| DEF 1130 | Email | Jeff Cullen | Davonya Hall | | Attorney Client Privilege |
| DEF 1132 | Email | Davonya Hall | Ranjith Keerikkattil | | Attorney Client Privilege |
| DEF 1133 | Email | Jack Suess | Davonya Hall, Christopher Tkacik | | Attorney Client Privilege |
| DEF 1133 - 1134 | Email | Christopher Tkacik | Jack Suess, Davonya Hall | | Attorney Client Privilege |
| DEF 1167 - 1170 | Email | Jeff Cullen | Christopher Tkacik | | Attorney Client Privilege |
| DEF 1180 - 1197 | Email | Susan Mcguire | Christopher Tkacik | | Attorney Client Privilege |
| DEF 1202 - 1205 | Email | Christopher Tkacik | Kim Leisey, Nancy Young, Paul Dillon, Jeff Cullen | | Attorney Client Privilege |
| DEF 1268 - 1270 | Email | Christopher Tkacik | Paul Dillon | | Attorney Client Privilege |

| | | | | | |
|---|---|---|---|---|---|
| DEF 1513-1592 | Sanction letters to Students | Jeff Cullen, Davonya Hall | Students | | FERPA |
| DEF 1593-1596 | Chart of Student Misconduct | | | | FERPA |
| DEF 1597-1599 | Email | Jeff Cullen | Nancy Young | Kim Leisey | FERPA |
| DEF 1600-1707 | Paul Dillon phone Records | | | | Beyond scope |
| DEF 1708-1709 | Email | Kim Leisey | Student | | FERPA |
| DEF 1710 | Email | Paul Dillon | Student | | FERPA |
| DEF 1712 | Email | Paul Dillon | Student | | FERPA |
| DEF 1714 | Email | Paul Dillon | Student | | FERPA |
| DEF 1719 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1721 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1723 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1759 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1761 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1762-1763 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1766-1767 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1770-1771 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1775 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |

| | | | | | |
|---|---|---|---|---|---|
| DEF 1784 | Email re: Student Advisory Board | Paul Dillon; Kim Leisey | Students | | FERPA |
| DEF 1989 | Student Advocate List | | | | FERPA |
| DEF 1991 | Student Advocate Small Group Meeting Outline | | | | FERPA |
| DEF 1992-2008 | UMBC Student Incident Reports | | | | FERPA |
| DEF 2009 | Letter | Jeff Cullen | Student | | FERPA |
| DEF 2010 | De/Keerikkattil Police Report | | | | FERPA |
| DEF 2015-2017 | UMBC Full CAD Police Reports | | | | FERPA |
| DEF 2018-2163 | Sanction letters | Jeff Cullen | Students | | FERPA |
| DEF 2164-2167 | Rule 2 Ltr (2006) | | | | Beyond Scope |
| DEF 2168-2194 | Sanction Letters | Jeff Cullen | Students | | FERPA |
| DEF 2197-2206 | Sanction Letters | Jeff Cullen | Students | | FERPA |
| DEF 2207 | Email | Kim Leisey | Student | | FERPA |
| DEF 2208-2209 | Sanction Letters | Jeff Cullen | Students | | FERPA |
| DEF 2949 | Paul Dillon Resume | | | | Beyond scope |
| DEF 2954-2983 | Student Hearing Board Applications | | | | FERPA |