**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RANJITH KEERIKKATTIL *

*Plaintiff,* *

v. * Civil Action No. WMN-13-02016

FREEMAN A. HRABOWSKI, *et al.* *
*Defendants.*
*

* * * * * * * * * * * * * *

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO COMPEL OR, ALTERNATIVELY, FOR IN CAMERA REVIEW**

## INTRODUCTION

Plaintiff Ranjith Keerikkattil files this memorandum in support of his motion compel Defendants Jeffrey E. Cullen and Paul Dillon to produce documents responsive to his Requests for Production of Documents, that are currently withheld from production or were produced with extensive redactions. Plaintiff also requests the Court to review the responsive documents *in camera* to determine whether they should be disclosed.

## PROCEDURAL HISTORY

Plaintiff served his First Request For Production of Documents to Defendants on October 28, 2013. Request No. 1 seeks:

All charge letters, sanction letters and appellate board letters (if applicable) maintained by the Office of Student Judicial Programs (SJP) from Fall 2011

onwards with regards to charges that fall under Rule 2 subcategories b through h and m.

Expanding on the request above, Plaintiff served his Second Request For Production of Documents to Defendants on January 28, 2014. Request No. 9 to Defendant Cullen seeks:

> Any and all Hearing and Appellate Decision Letters since August 2008 for any Hearing Board/Appellate Board convened by you or anyone on your behalf where a UMBC student was suspended for more than 10 days or expelled.

Plaintiff also served a subpoena duces tecum on Mark Sparks on January 23, 2014. In it Plaintiff seeks:

> Please provide any and all records in your custody, possession or control, for the period from August 2011 to present, which are set forth below:
> A. Any police reports that allege any UMBC student with violation of Md. Criminal Law Code Ann. § 3-802 (stalking).
> B. Any documents sent to UMBC's Office of Student Judicial Programs by UMBC Police in relation to alleged violation of Md. Criminal Law Code Ann. § 3-802 (stalking) by any UMBC student.

Plaintiff, Defendants, former Defendant Soutry De (after settlement) and other UMBC/USM subpoenaed parties (including Mark Sparks) entered into a Discovery Resolution Agreement (ECF 54) to resolve pending discovery disputes, which was approved by the Court. In it, the parties agreed to produce the above requests.

Even though Defendants continued to withhold documents from production and/or produced extensively redacted responsive documents, they failed to provide a Privilege Log to explain the basis for privileges claimed by them. This prompted the Plaintiff to contact Mr. Delfosse to request him to provide a Privilege Log. Mr. Delfosse indicated that he would provide the Privilege Log by May 2, 2014 and delivered it to the Plaintiff on May 4, 2014. The e-mail and Privilege Log are attached as Exhibit 1.

For the reasons stated below, the Privilege Log provided by Defendants fails to establish the privileges asserted by them requiring the Plaintiff to file this motion.

## ARGUMENT

### I. FERPA Does Not Prohibit Disclosure Of Police Reports

FERPA excludes from the definition of education records those records that are law enforcement unit records. 20 U.S.C. 1232g(a)(4)(B)(ii); 34 CFR 99.3 "Educational records" (b)(2). Law enforcement unit records are defined as:

those records, files, documents, and other materials that are --

(i) Created by a law enforcement unit;
(ii) Created for a law enforcement purpose; and
(iii) Maintained by the law enforcement unit.

34 CFR 99.8(b)(1).

Nothing's more instructive on this issue than the June 2011 memo[1] (Exhibit 2) from The Family Policy Compliance Office (FPCO) of U.S. Department of Education, the office that administers FERPA. The memo states the following regarding records maintained by campus law enforcement units:

> Among the exclusions from the definition of "education records" – and thus from the privacy requirements of FERPA – are records of a law enforcement unit of an educational agency or institution. These records must be: (1) created by a law enforcement unit; (2) created for a law enforcement purpose; and (3) maintained by the law enforcement unit. *See* 34 CFR § 99.8(b)(1).
>
> ...

1 See U.S. Department of Education, "Addressing Emergencies on Campus" (June 2011), available at http://www2.ed.gov/policy/gen/guid/fpco/pdf/emergency-guidance.pdf (last accessed May 19, 2014).

> Under FERPA, "law enforcement unit" means any individual, office, department, division, or other component of an educational agency or institution, such as a unit of commissioned police officers or noncommissioned security guards, that is officially authorized or designated by that agency or institution to (1) enforce any local, State, or Federal law, or refer to appropriate authorities a matter for enforcement of any local, State, or Federal law against any individual or organization other than the agency or institution itself; or (2) maintain the physical security and safety of the agency or institution. *See* 34 CFR § 99.8(a)(1).
>
> . . .
>
> Investigative reports and other records created and maintained by these law enforcement units are not considered "education records" subject to FERPA. Accordingly, schools may disclose information from law enforcement unit records to anyone, subject to State law, including outside law enforcement authorities, without consent from parents or eligible students.

Addressing Emergencies on Campus at 5.

Therefore, it is illegitimate for the Defendants to cite FERPA to withhold Police Reports or to redact the identities of individuals named in those documents. Since the Defendants' claims of FERPA protection for campus law enforcement records lack merit, they should be compelled to produce unredacted UMBC Police records listed below.

| **Bates Numbers** | **Document Description** | **From** | **To** | **CC:** | **Reason For Privilege** |
|---|---|---|---|---|---|
| DEF 1992-2008 | UMBC Student Incident Reports | | | | FERPA |
| DEF 2015-2017 | UMBC Full CAD Police Reports | | | | FERPA |

## II. FERPA Does Not Prohibit Disclosure of Records Relating To Crimes Of Violence And Non-Forcible Sex Offenses

For crimes of violence and non-forcible sex offenses, FERPA permits the disclosure of the "final results" of a disciplinary hearing if that student was found responsible for violating the institutions rules or policies with respect to such crime or offense. See 20 USC 1232g (b)(6)(B). Under FERPA, "final results" and "outcome" include: the name of the accused student, the violation found to have been committed, and any sanction imposed. See 20 USC 1232g(b)(6)(C). Crimes of violence is defined in 18 U.S.C. 16 as: "offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any other offense that is a felony and that, by its nature, involves substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 34 C.F.R. 99, Appendix A to Part 99 lists Crimes of Violence and their definitions, including arson, assault offenses, burglary, criminal homicide, destruction/damage/vandalism of property, kidnapping/abduction, and sex offenses.

Again, the same FCPO memo from June 2011 (Exhibit 2), states the following:

> An institution may disclose to anyone – not just the victim – the final results of a disciplinary proceeding, if it determines that the student is an alleged perpetrator of a crime of violence or non-forcible sex offense, and with respect to the allegation made against him or her, the student has committed a violation of the institution's rules or policies. *See* 34 CFR § 99.31(a)(14).

Addressing Emergencies on Campus at 7.

The discovery requests that the Plaintiff served requests documents that fall under Rule 2 subcategories b through h and m of UMBC's Code of Student Conduct and include:

- acts, or threats, of physical assault or abuse
- sexual assault or rape (e.g., date, acquaintance or stranger)
- violence

- sexual exploitation or misconduct
- threatening behavior

(*See* ECF 1-5 at 2), all of which fall under the definition of crimes of violence or non-forcible sex offenses. Therefore, the following documents that withheld/redacted should be produced.

| Bates Numbers | Document Description | From | To | CC: | Reason For Privilege |
|---|---|---|---|---|---|
| DEF 1513-1592 | Sanction letters to Students | Jeff Cullen, Davonya Hall | Students | | FERPA |
| DEF 1593-1596 | Chart of Student Misconduct | | | | FERPA |
| DEF 2018-2163 | Sanction letters | Jeff Cullen | Students | | FERPA |
| DEF 2168-2194 | Sanction Letters | Jeff Cullen | Students | | FERPA |
| DEF 2197-2206 | Sanction Letters | Jeff Cullen | Students | | FERPA |
| DEF 2208-2209 | Sanction Letters | Jeff Cullen | Students | | FERPA |

## III. Defendants' Privilege Log Is Insufficient To Validate Attorney-Client Privilege

In *Hawkins v. Stables*, 148 F.3d 379, 383 (4th Cir. 1998) (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982)), the Fourth Circuit outlined the following test for determining whether the attorney-client privilege applies:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of

strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

The party invoking the attorney-client privilege bears the burden of demonstrating its applicability. *In re Grand Jury Subpoena: Under Seal*, 415 F.3d 333, 338-39 (4th Cir. 2005). One way that a party may carry this burden is by submitting a privilege log. *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 495, 502 (4th Cir. 2011). To be sufficient, the log must set forth specific facts which, taken as true, establish the elements of the privilege for each document for which privilege is claimed. *Id* (citation omitted). A privilege log meets this standard, even if not detailed, if it identifies "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted." *Id.*

Quoting Mr. Delfosse from his email dated May 4, 2014 (Exhibit 1), "For all documents withheld pursuant to the attorney/client privilege, the documents contain communications from one or more individuals within UMBC's general counsel's office to employees of UMBC or the Board of Regents and contain advice on matters and facts relating to this case." However, for all the documents where attorney-client privilege was asserted in the Privilege Log, none of them have the date of its transmission/creation or the subject. Based on the information provided in the Privilege Log, it is almost impossible to determine whether a valid claim for privilege exists or not. Further, it is also relevant to note that Christopher Tkacik (Associate General Counsel) is the former Director of Student

Judicial Programs and often interacts with the Office of Student Judicial Programs including Defendant Cullen, Davonya Hall and Ginny Kellman in a non-attorney capacity. Therefore, the Plaintiff respectfully requests the Court to conduct an *in camera* review of the following documents to determine whether a valid claim for attorney-client privilege exists.

| **Bates Numbers** | **Document Description** | **From** | **To** | **CC:** | **Reason For Privilege** |
|---|---|---|---|---|---|
| DEF 126 | Email | David Gleason | Paul Dillon | | Attorney Client Privilege |
| DEF 127 | Email | David Gleason | Paul Dillon | | Attorney Client Privilege |
| DEF 522 | Email | Ginny Kellman | Christopher Tkacik | | Attorney Client Privilege |
| DEF 526 | Email | Christopher Tkacik | Ginny Kellman, Jeff Cullen, Student Judicial Program | | Attorney Client Privilege |
| DEF 538 - 545 | Email | Jeff Cullen | Christopher Tkacik | David Gleason, Nancy Young | Attorney Client Privilege |
| DEF 759 | Email | Christopher Tkacik | Jeff Cullen | Ginny Kellman | Attorney Client Privilege |
| DEF 871 - 878 | Email | Jeff Cullen | Christopher Tkacik | David Gleason, Nancy Young | Attorney Client Privilege |
| DEF 1107 | Email | Christopher Tkacik | Jeff Cullen | Ginny Kellman | Attorney Client Privilege |

| | | | | | |
|---|---|---|---|---|---|
| DEF 1130 | Email | Jeff Cullen | Davonya Hall | | Attorney Client Privilege |
| DEF 1132 | Email | Davonya Hall | Ranjith Keerikkattil | | Attorney Client Privilege |
| DEF 1133 | Email | Jack Suess | Davonya Hall, Christopher Tkacik | | Attorney Client Privilege |
| DEF 1133 - 1134 | Email | Christopher Tkacik | Jack Suess, Davonya Hall | | Attorney Client Privilege |
| DEF 1167 - 1170 | Email | Jeff Cullen | Christopher Tkacik | | Attorney Client Privilege |
| DEF 1180 - 1197 | Email | Susan Mcguire | Christopher Tkacik | | Attorney Client Privilege |
| DEF 1202 - 1205 | Email | Christopher Tkacik | Kim Leisey, Nancy Young, Paul Dillon, Jeff Cullen | | Attorney Client Privilege |
| DEF 1268 - 1270 | Email | Christopher Tkacik | Paul Dillon | | Attorney Client Privilege |

## CONCLUSION

For the foregoing reasons, Plaintiff, Ranjith Keerikkattil respectfully requests that the Court grant his motion to compel or, alternatively, for *in camera* review.

Respectfully submitted,

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
443-690-1031 (tel.)
rkeerikkattil@gmail.com

*Plaintiff, pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of May, 2014, a copy of the foregoing was served by electronic mail and via ECF to:

Erik J. Delfosse
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Fl.
Baltimore, Maryland 21202-2021
(410) 576-6412 (tel.)
(410) 576-6437 (fax)
edelfosse@oag.state.md.us
*Attorney for Jeffrey E. Cullen and Paul Dillon*

