# Exhibit 2

## Addressing Emergencies on Campus
### June 2011

Tragedies like the incidents in Tucson and at Virginia Tech remind us all of the importance of having policies and standard practices in place on campuses to ensure the physical safety of students in the event of an emergency and to aid in preventing such terrible tragedies from occurring in the future. Tucson has again sparked a national dialogue about campus safety, and in light of these terrible events some school officials may be reevaluating their current policies and practices. We hope this guidance assists the work of those school officials who may be reassessing their campus safety policies by offering a summary of two applicable Federal education laws administered by the Department of Education (Department): the Family Educational Rights and Privacy Act (FERPA) and the Higher Education Act of 1965 (HEA), as amended. This Federal component is only one piece of what is necessary to consider in ensuring the safety of our Nation's students, faculty, and school staff. A comprehensive and effective campus policy must incorporate all Federal and State policies regarding health and safety emergencies, education, student privacy, civil rights, and law enforcement, as well as specific local community needs.

We trust that this guidance will provide you with information on the FERPA and HEA legal requirements related to preparing for and addressing situations that threaten the health or safety of the campus community. We have also provided you with additional resource information that we hope will be helpful as you address safety issues on your campuses. The information in this guidance applies to both schools at the elementary/secondary level and to postsecondary institutions, unless otherwise stated. Thus, when we say "campus" in this guidance document, we mean school grounds and school property, as well as a college or university campus.

Please feel free to contact the Department if you have any questions or need additional information about this important matter. Contact information is included at the end of this guidance.

**Family Educational Rights and Privacy Act (FERPA)**

*Introduction*

While the Family Educational Rights and Privacy Act (FERPA)[1] generally requires parents or eligible students to provide educational agencies and institutions[2] with written consent before the school discloses personally identifiable information from a student's education records, FERPA allows schools to make necessary disclosures without obtaining prior written consent in order to address emergencies. We are providing this guidance to help school officials understand the conditions under which they may disclose personally identifiable information from education records, without consent, in order to address emergency and safety issues. Understanding these provisions in FERPA empowers school officials to act decisively and quickly when the need arises and is an important part of emergency preparedness.

FERPA is a Federal law that protects the privacy interests of parents and students in a student's "education records."[3] The law applies to all educational agencies and institutions that receive funds under any program administered by the Secretary of Education. Under FERPA, a parent or eligible student (i.e., a student who has reached 18 years of age or attends a postsecondary institution) generally must provide a signed and dated written consent before the educational agency or institution discloses education records or personally identifiable information[4] from education records. 34 CFR § 99.30. Exceptions to this general consent requirement are set forth in § 99.31 of the FERPA regulations. In this guidance document, we

---

[1] 20 U.S.C. § 1232g; 34 CFR Part 99.

[2] In this guidance, when we refer to "schools," "school districts," "postsecondary institutions," or "institution" we mean "educational agency or institutions" subject to FERPA. *See* 34 CFR § 99.1(a).

[3] The term "education records" is broadly defined as those records that are: (1) directly related to a student; and (2) maintained by an educational agency or institution or by a party acting for the agency or institution. *See* 34 CFR § 99.3 for the definition of "education records" and a list of the categories of records that are not included in the definition, such as "law enforcement unit records" and "treatment records" of eligible students.

[4] "Personally identifiable information" includes but is not limited to: the student's name; address; personal identifier, such as social security number, student number, or biometric record; and other information that is linked or linkable to a specific student. *See* 34 CFR § 99.3 for full definition of "personally identifiable information."

discuss those exceptions in FERPA that are most relevant to addressing emergencies occurring on campus.

***Health or Safety Emergency***

In some situations, a school official may determine that it is necessary to disclose personally identifiable information from a student's education records to appropriate parties in order to address a health or safety emergency. FERPA's health or safety emergency provision permits such disclosures, without the consent of the parent or eligible student, if necessary to protect the health or safety of the student or other individuals. *See* 34 CFR §§ 99.31(a)(10) and 99.36. This exception to FERPA's general consent requirement is limited to the period of the emergency and generally does not allow for a blanket release of personally identifiable information from a student's education records. Typically, law enforcement officials, public health officials, trained medical personnel, and parents (including parents of an eligible student) are the types of appropriate parties to whom information may be disclosed under this FERPA exception. Disclosures for health or safety emergency reasons do not include disclosures to address emergencies for which the likelihood of occurrence is unknown, such as would be the case in emergency preparedness activities. Rather, disclosures made under the health or safety emergency provision must be "in connection with an emergency," which means it must be related to an actual, impending, or imminent emergency, such as a natural disaster, a terrorist attack, a campus shooting, or the outbreak of an epidemic disease.

Under this health or safety emergency provision, an educational agency or institution must determine whether to disclose personally identifiable information from education records on a case-by-case basis, taking into account the totality of the circumstances pertaining to a threat to the health or safety of the student or others. If the school, school district, or postsecondary institution determines that there is an articulable and significant threat to the health or safety of the student or other individuals and that a party needs personally identifiable information from education records to protect the health or safety of the student or other individuals, it may disclose that information to appropriate parties without consent. 34 CFR § 99.36. The phrase "articulable and significant threat" means that if a school official can explain

3

why, based on all the information then available, the official reasonably believes, for instance, that a student poses a significant threat, such as a threat of substantial bodily harm to any person, including the student, the school official may disclose personally identifiable information from education records without consent to any person whose knowledge of the information will assist in protecting a person from threat. This is a flexible standard under which the Department defers to school administrators so that they may bring appropriate resources to bear on the situation, provided that there is a rational basis for the educational agency's or institution's decisions about the nature of the emergency and the appropriate parties to whom the information should be disclosed. We note also that, within a reasonable period of time after a disclosure is made under this exception, an educational agency or institution must record in the student's education records the articulable and significant threat that formed the basis for the disclosure, and the parties to whom the information was disclosed. 34 CFR § 99.32(a)(5).

### *Personal Knowledge or Observation*

FERPA applies to the disclosure of education records and of information derived from education records. FERPA does not prohibit a school official from disclosing information about a student that is obtained through the school official's personal knowledge or observation and not from the student's education records. For example, if a teacher overhears a student making threatening remarks to other students, FERPA does not protect that information from disclosure. Therefore, a school official may disclose what he or she overheard to appropriate authorities, including disclosing the information to local law enforcement officials, school officials, and parents. However, this general rule does not apply where a school official personally learns of information about a student through his or her official role in making a determination about the student and the determination is maintained in an education record. For example, under FERPA a principal or dean who took official action to suspend a student may not disclose that information absent consent or an exception under 34 CFR § 99.31 that permits the disclosure.

4

*Law Enforcement Unit Records*

Among the exclusions from the definition of "education records" – and thus from the privacy requirements of FERPA – are records of a law enforcement unit of an educational agency or institution. These records must be: (1) created by a law enforcement unit; (2) created for a law enforcement purpose; and (3) maintained by the law enforcement unit. *See* 34 CFR § 99.8(b)(1). Excluded records do not include: (1) records created by a law enforcement unit for a law enforcement purpose that are maintained by a component of the educational agency or institution other than the law enforcement unit (such as a principal or dean); or (2) records created and maintained by a law enforcement unit exclusively for a non-law enforcement purpose, such as a disciplinary action or proceeding conducted by the educational agency or institution. *See* 34 CFR § 99.8(b)(2). Under FERPA, "law enforcement unit" means any individual, office, department, division, or other component of an educational agency or institution, such as a unit of commissioned police officers or noncommissioned security guards, that is officially authorized or designated by that agency or institution to (1) enforce any local, State, or Federal law, or refer to appropriate authorities a matter for enforcement of any local, State, or Federal law against any individual or organization other than the agency or institution itself; or (2) maintain the physical security and safety of the agency or institution. *See* 34 CFR § 99.8(a)(1).

Many schools have their own law enforcement units to monitor safety and security. Those schools that do not have specific law enforcement units may designate a particular office or school official to be responsible for referring potential or alleged violations of law to local police authorities. Some smaller school districts and colleges employ off-duty police officers to serve as school security officers. Investigative reports and other records created and maintained by these law enforcement units are not considered "education records" subject to FERPA. Accordingly, schools may disclose information from law enforcement unit records to anyone, subject to State law, including outside law enforcement authorities, without consent from parents or eligible students.

5

Nothing in FERPA requires an educational agency or institution to use only employees to staff its law enforcement unit. Local police officers and other law enforcement personnel employed by local or State authorities also may serve as the "law enforcement unit" of an educational agency or institution. However, if the law enforcement unit is comprised of local off-duty police officers who work under contract or some other arrangement and not of employees of the educational agency or institution, then, in order to qualify as "school officials" for purposes of receiving personally identifiable information from education records without parental consent, the officers must be under the direct control of the educational agency or institution to meet this exception. Under these requirements, the school may outsource institutional services and functions (such as security), provided that the outside party: (1) performs an institutional service or function for which the agency or institution would otherwise use employees; (2) is under the direct control of the agency or institution with respect to the use and maintenance of education records; and (3) is subject to the redisclosure requirements in § 99.33(a) governing the use and redisclosure of personally identifiable information from education records. *See* 34 CFR § 99.31(a)(1)(i)(B). If police officers or other outside parties do not meet the requirements for being a school official under FERPA, they may not have access to personally identifiable information from students' education records without consent, unless there is a health or safety emergency, a lawfully issued subpoena or court order, or some other exception to FERPA's general consent requirement under which the disclosure falls.

Law enforcement unit officials should be designated in the school's annual FERPA notification of rights as "school officials" with a "legitimate educational interest."[5] This will permit the school to nonconsensually disclose personally identifiable information from students' education records to its law enforcement unit officials in order to perform their professional duties and to assist with discipline and other matters. Please note that personally identifiable information from education records that is provided to the school's law enforcement unit officials remains subject to FERPA and may be nonconsensually disclosed only in accordance with the exceptions to consent at 34 CFR § 99.31. Because the school's law enforcement unit may not redisclose personally identifiable information from students' education records that it

[5] The Department has posted a model notification for local educational agencies on its Web site at http://www2.ed.gov/policy/gen/guid/fpco/ferpa/lea-officials.html and for postsecondary institutions at http://www2.ed.gov/policy/gen/guid/fpco/ferpa/ps-officials.html.

6

receives, except in compliance with FERPA, it is advisable for law enforcement units to maintain law enforcement unit records separately from education records.

### Disciplinary Records

While student disciplinary records are protected under FERPA as education records, there are certain circumstances in which a *postsecondary* institution may disclose disciplinary records without the student's consent. FERPA permits a postsecondary institution to disclose to an alleged victim of any crime of violence or non-forcible sex offense the final results of a disciplinary proceeding conducted by the institution against the alleged perpetrator of that crime, regardless of whether the institution concluded a violation was committed. 34 CFR § 99.31(a)(13). (See the discussion below about the provisions in the HEA that require a postsecondary institution to disclose certain information to both the accuser and the accused in proceedings involving an allegation of a sex offense.) An institution may disclose to anyone — not just the victim — the final results of a disciplinary proceeding, if it determines that the student is an alleged perpetrator of a crime of violence or non-forcible sex offense, and with respect to the allegation made against him or her, the student has committed a violation of the institution's rules or policies. *See* 34 CFR § 99.31(a)(14).

### Judicial Order or Lawfully Issued Subpoena

Another relevant provision in FERPA that permits disclosure without consent is a disclosure that is necessary to comply with a lawfully issued subpoena or judicial order. Disclosures made to comply with a lawfully issued subpoena or judicial order may be made regardless of whether an emergency exists, and regardless of whether the party seeking the information would typically be considered an appropriate party under the health or safety emergency exception. In general, a school must make a reasonable effort to notify the parent or eligible student of the subpoena or judicial order before complying with it in order to allow the parent or eligible student the opportunity to seek protective action, unless certain exceptions apply. 34 CFR § 99.31(a)(9). Below are descriptions of the types of lawfully issued subpoenas

7

or judicial orders with which school officials may need to comply that *may not* require that the
parent or eligible student be notified:

- Grand Jury Subpoenas – Educational agencies and institutions may disclose personally
  identifiable information from education records to the entity or persons designated in a
  Federal grand jury subpoena.  In addition, the court may order the institution not to
  disclose to anyone the existence or contents of the subpoena or the institution's response.
  If the court so orders, then neither the prior notification requirements of § 99.31(a)(9) nor
  the recordation requirements of 34 C.F.R. § 99.32 would apply.

- Law Enforcement Subpoenas – Educational agencies and institutions may disclose
  personally identifiable information from education records to the entity or persons
  designated in a subpoena issued for a law enforcement purpose.  As with Federal grand
  jury subpoenas, the issuing court or agency may, for good cause shown, order the
  institution not to disclose to anyone the existence or contents of the subpoena or the
  institution's response.  If a court or an agency issues such an order, then neither the
  notification requirements of § 99.31(a)(9) nor the recordation requirements of 34 C.F.R.
  § 99.32 would apply to the disclosure of education records issued pursuant to the law
  enforcement subpoena.

- *Ex Parte* Orders – Educational agencies and institutions may also disclose, without the
  consent or knowledge of the student or parent, personally identifiable information from
  the student's education records to the Attorney General of the United States or to his
  designee in response to an *ex parte* order in connection with the investigation or
  prosecution of terrorism crimes specified in §§ 2332b(g)(5)(B) and 2331 of title 18, U.S.
  Code.[6]  *See* 34 CFR § 99.31(a)(9)(ii)(C).  An *ex parte* order is an order issued by a court
  of competent jurisdiction without notice to an adverse party (i.e., the student, for
  purposes of this letter).  FERPA does not require that a school official record a disclosure

---

[6] 20 U.S.C. § 2332b(g)(5)(B) defines Federal crimes of terrorism as offenses calculated to influence or affect the
conduct of government by intimidation or coercion, or to retaliate against government conduct and that are
violations of specific other laws, such as laws relating to destruction of aircraft and arson within special maritime
and territorial jurisdiction.

of information from a student's education records when the school makes the disclosure pursuant to an *ex parte* order. Further, an educational agency or institution that, in good faith, produces information from education records in compliance with an *ex parte* order issued under 34 CFR § 99.31(a)(9)(ii)(C) shall not be liable to any person for disclosing that information. 20 U.S.C. § 1232g(j)(3).

### Disclosures to Parents

At the elementary/secondary level, parents have the *right* under FERPA to inspect and review their children's education records when their children are under eighteen years of age. *See* 34 CFR § 99.10. At the postsecondary level or at the elementary/secondary level when their children are eighteen years of age or older, FERPA *permits* parents to have access to their children's education records, if certain requirements are met, such as:

- If the student is a dependent for income tax purposes;
- If there is a health or safety emergency involving a parent's son or daughter;
- If the student, who is under age 21, has violated any law or institutional policy concerning the use or possession of alcohol or a controlled substance and the institution has determined that the student has committed a disciplinary violation with respect to that use or possession; or
- If the information is based on a school official's personal knowledge or observation of the student.

### Treatment Records

Many postsecondary institutions, such as colleges and universities, provide health and medical services to eligible students and maintain medical treatment records on those students. While these types of health care providers would ordinarily be covered by the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the HIPAA Privacy Rule specifically excludes from the definition of protected health information both student treatment records and education records protected by FERPA. *See* 45 C.F.R. § 160.103 (definition of "protected health

9

information"). Under FERPA, medical and psychological treatment records of eligible students are excluded from the definition of "education records" if they are made, maintained, and used only in connection with treatment of the student and disclosed only to those medical professionals providing the treatment. *See* 34 CFR § 99.3 "Education records." These records are commonly called "treatment records."

While "treatment records" are excluded from the definition of education records under FERPA (and thus an eligible student does not have a right to personally inspect and review his or her treatment records), if an eligible student's treatment records are used for any purpose other than the student's treatment, or if a school wishes to disclose the treatment records for any purpose other than the student's treatment, they may only be disclosed as education records subject to FERPA requirements. Therefore, an eligible student's treatment records may be disclosed to any party, without consent, as long as the disclosure meets one of the exceptions to FERPA's general consent rule. *See* 34 CFR § 99.31. Accordingly, treatment records on eligible students may be disclosed without consent, pursuant to § 99.31(a)(8), to an eligible student's parents if the student is claimed as a dependent on Federal tax returns, pursuant to §§ 99.31(a)(10) and 99.36, to other appropriate parties if the disclosure is in connection with a health or safety emergency, pursuant to § 99.31(a)(9), to comply with a judicial order or lawfully issued subpoena, or pursuant to any other pertinent exception to FERPA's consent requirement.

The Department of Education and the Department of Health and Human Services have issued joint guidance that explains the relationship between FERPA and the HIPAA Privacy Rule. The joint guidance, which is on the Web sites of both agencies, addresses many of the questions raised by school administrators (elementary, secondary, and postsecondary), health care professionals, and others as to how these two laws apply to records maintained on students. It also addresses certain disclosures that are allowed without consent or authorization under both laws, especially those related to health and safety emergency situations. The guidance can be found at: http://www2.ed.gov/policy/gen/guid/fpco/doc/ferpa-hipaa-guidance.pdf. The Department has also prepared other guidance documents that discuss the applicability of FERPA to health and medical records of students in elementary and secondary schools, which are "education records" subject to FERPA and may be disclosed, without consent, only in

10

accordance with the exceptions to consent at 34 CFR § 99.31. *See*
http://www2.ed.gov/policy/gen/guid/fpco/pdf/ferpa-h1n1.pdf and
http://www2.ed.gov/policy/gen/guid/fpco/pdf/ferpa-disaster-guidance.pdf.

***Threat Assessment Teams***

      Some educational agencies and institutions may need assistance in determining whether a
health or safety emergency exists in order to know whether a disclosure may be made under
FERPA's health or safety emergency provision. The Department encourages schools and
postsecondary institutions to implement a threat assessment program, including the
establishment of a threat assessment team that utilizes the expertise of representatives from law
enforcement agencies in the community and that complies with applicable civil rights and other
Federal and State laws. Under a properly-implemented threat assessment program, schools can
respond to student behavior that raises concerns about a student's mental health and the safety of
the student and others that is chronic or escalating, by using a threat assessment team, and then
may make other disclosures under the health or safety emergency exception, as appropriate,
when an "articulable and significant threat" exists. Information on establishing a threat
assessment program and other helpful resources for emergency situations can be found on the
Department's Web site: http://www.ed.gov/admins/lead/safety/edpicks.jhtml?src=ln.

      An educational agency or institution may disclose personally identifiable information
from education records without consent to threat assessment team members who are not
employees of the district or institution if they qualify as "school officials" with "legitimate
educational interests" under § 99.31(a)(1)(i)(B). To receive the education records under the
"school officials" exception, members of the threat assessment team who are not school
employees must be under the direct control of the educational agency or institution with respect
to the maintenance and use of personally identifiable information from education records. For
example, a representative from the city police who serves on a school's threat assessment team
generally could not redisclose to the city police personally identifiable information from a
student's education records to which he or she was privy as part of the team during the initial
discussions about a particular student. However, once the threat assessment team determines

11

that a health or safety emergency exists, he or she may disclose personally identifiable information from a student's education records to appropriate officials under the health or safety emergency exception under §§ 99.31(a)(10) and 99.36.

**Higher Education Act of 1965, as amended**

*Background*

Under the Jeanne Clery Disclosure of Campus Security Policy and Campus Crime Statistics Act (Clery Act), in § 485(f) of the HEA (20 U.S.C. § 1092(f)), all postsecondary institutions participating in the student financial aid programs under Title IV of the HEA must make a variety of disclosures related to campus safety to students, families, and employees. Specifically, the Clery Act requires institutions to disclose their campus security policies and provide timely warning of crimes that represent a threat to the campus community. It also requires postsecondary institutions to collect and disseminate crime data to the campus community, as well as report them to the Department, and to develop policies and procedures for missing student notification, emergency response and evacuation procedures, and fire safety. These campus safety provisions are intended to provide students and their families, as higher education consumers, with accurate, complete, and timely information about safety on campus so that they can make informed decisions.

*Timely Warnings and Emergency Notification*

Under the Clery Act, postsecondary institutions must provide timely warnings to alert the campus community of certain crimes in a manner that will aid in the prevention of similar crimes. These crimes include all of the Clery Act crimes under 34 CFR § 668.46(c)(1) and (c)(3)[7] that are reported to campus security authorities or local police agencies and that are

---

[7] Criminal homicide, sex offenses, robbery, aggravated assault, burglary, motor vehicle theft, arson, and arrest for liquor law violations, drug law violations, and illegal weapons possession. For definitions of these crimes, see Appendix A to Subpart D of 34 CFR Part 668, Crime Definitions in Accordance with the Federal Bureau of Investigation's Uniform Crime Reporting Program.

12

considered by the institution to represent a threat to students or employees (e.g., an active shooter on campus or a string of robberies in an area frequented by students).

Under the HEA, postsecondary institutions must develop and disclose a statement of policy describing how the institution will handle emergency situations occurring on the campus that present an immediate threat to the health or safety of students or employees.  Under 34 CFR § 668.46(g), an institution must include a number of elements in its policy statement, such as the procedures that the institution will follow upon the confirmation of a significant emergency or dangerous situation involving an immediate threat to the health or safety of students or employees occurring on the campus; the process the institution will use to inform the campus community of the situation; and the procedures for disseminating emergency information to the larger community.  The emergency situations covered by this requirement include natural and other emergencies and not just criminal activity.

FERPA does not conflict with the timely warning or emergency notification provisions of the Clery Act.  FERPA allows the release of personally identifiable information in the case of an emergency without consent when needed to protect the health and safety of others.  When a postsecondary institution sends out a timely warning in response to an emergency, or sends out an emergency notification in accordance with its stated emergency notification procedures, the FERPA health or safety emergency exception would apply.  (See the earlier discussion under Health or Safety Emergencies.)  If an institution utilizes information from the "records of a law enforcement unit" as defined at 34 CFR § 99.8(b)(1), to issue a timely warning, FERPA is not implicated as those records are not protected by FERPA.  (See the earlier discussion under Law Enforcement Unit Records.)

*Sex Offenses under the HEA*

Under the Clery Act, institutions are required to make a variety of policy statements related to campus safety in their Annual Security Reports.  In these reports, institutions must include a statement of policy regarding the institution's campus sexual assault programs that prevent sex offenses, as well as procedures to follow if a sex offense occurs.  In particular, under

13

34 CFR § 668.46(b)(11)(vi)(B), an institution must clearly state that both the accuser and the accused *must* be informed of the outcome of any institutional disciplinary proceeding brought alleging a sex offense. For the purposes of this requirement, the outcome of a disciplinary proceeding means only the institution's final determination with respect to the alleged sex offense and any sanction that is imposed against the accused.

As noted above in the section entitled "Disciplinary Records," while student disciplinary records are protected under FERPA as education records, in some circumstances a postsecondary institution may disclose disciplinary records without the student's consent. This requirement under the HEA goes further than FERPA in not only permitting but *requiring* that the outcome of institutional disciplinary proceedings regarding an alleged sex offense *must* be disclosed to the accuser, regardless of whether the institution concluded that a violation was committed. Because postsecondary institutions under FERPA are permitted to disclose disciplinary records in certain circumstances such as these, compliance with this HEA requirement does not constitute a violation of FERPA.

### *Missing Students*

The HEA also requires postsecondary institutions that maintain on-campus student housing facilities to establish, for students who reside in on-campus student housing (defined in 34 CFR § 668.41(a)), a missing student notification policy that includes notifying students that they can confidentially register an individual to be contacted if the student is determined to be missing. The statute requires an institution to advise students who are under 18 years old and not emancipated that a custodial parent or guardian must be notified if the student is determined to be missing. Further, all students residing in an on-campus student housing facility must be advised that, regardless of whether they register a contact person, the local law enforcement agency will be notified in the event that the student is determined to be missing.

Although missing student contact information would be considered part of a student's education records under FERPA, section 485(j) of the HEA requires that students be provided the option to register "confidential" contact information. Under section 485(j) of the HEA, only

14

authorized campus officials and law enforcement officers in furtherance of a missing person investigation may have access to this confidential contact information. This means that an institution may not disclose a student's confidential contact information to a student's parent or guardian or any other person other than authorized campus officials and law enforcement officers who are conducting a missing person investigation. We view a student's identification of a contact person pursuant to section 485(j) of the HEA and 34 CFR § 668.46(h) as the student providing permission for law enforcement personnel to contact the identified individual under the circumstances identified in these statutory and regulatory provisions.

### *Fire Safety*

Section 485(i)(1) of the HEA requires postsecondary institutions that maintain on-campus student housing facilities (defined in 34 CFR § 668.41(a)) to publish an annual fire safety report that discloses campus fire statistics, fire safety practices, and fire safety standards. As required in 34 CFR § 668.49, postsecondary institutions must collect, disseminate to the campus community, and report to the Department, fire-related statistics, such as the number of fires, the number of injuries and deaths related to each fire, and the value of property damage caused by each fire, in on-campus student housing. Further, institutions must describe each on-campus student housing facility fire safety system; the number of fire drills in the previous year; the institution's fire safety policies on portable electrical appliances, smoking, and open flames; the procedures for evacuation in the case of a fire; the policies regarding fire safety education and training program policies; and plans for future improvements in fire safety, if applicable. The institution must also maintain a log of all fires that occur in on-campus student housing facilities. These fire safety requirements, particularly the fire safety statistics and log maintenance requirements, do not override a postsecondary institution's legal obligation to maintain the privacy of certain information and records under FERPA.

### Contact Information and Additional Resources

The Department's Family Policy Compliance Office, the office that administers FERPA, is available to respond to any questions school officials may have about FERPA. For quick

15

responses to routine questions about FERPA, school officials may e-mail the Department at FERPA@ed.gov. Should you need more in-depth technical assistance on a matter or a more formal response, you may write to us at the following address:

Family Policy Compliance Office
U.S. Department of Education
400 Maryland Avenue, SW
Washington, D.C. 20202-8520

You may also call the Family Policy Compliance Office at 202-260-3887. Additional information and guidance on FERPA is available on the Department's Web site at: http://www.ed.gov/policy/gen/guid/fpco/index.html.

Additionally, the Department offers a variety of resources to assist schools and postsecondary institutions with their preparedness efforts. The Department's Emergency Planning Web site is available at: www.ed.gov/emergencyplan. The Office of Safe and Drug-Free Schools (OSDFS) has developed the "Practical Information on Crisis Planning: A Guide for Schools and Communities" that identifies some of the key principles in developing emergency management plans. The entire Guide can be downloaded at: http://www.ed.gov/admins/lead/safety/emergencyplan/crisisplanning.pdf.

For information about HEA requirements, you may call the Office of Postsecondary Education Help Desk at 1-800-435-5985 or e-mail them to campussecurityhelp@westat.com.