**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

RANJITH KEERIKKATTIL      *

     *Plaintiff,*

v.      Civil Action No. WMN-13-02016

FREEMAN A. HRABOWSKI, *et al.*      *
     *Defendants.*

     *

*   *   *   *   *   *   *   *   *   *   *   *   *   *

## PLAINTIFF'S RULE 56(d) MOTION FOR EXTENSION OF TIME

### INTRODUCTION

Plaintiff Ranjith Keerikkattil files this Rule 56(d) motion for extension of time to file his Opposition to Defendants' Motion for Summary Judgment and to stay Defendants' motion (ECF 64) until the Court rules on his Motion to Compel (ECF 62). Plaintiff's Motion to Compel seeks documents that are critical to a full and complete defense of Defendants' Motion for Summary Judgment. While Plaintiff had completely fulfilled his discovery obligations by the close of discovery[1], Defendants' have failed to so even though they were eager to file a Motion for Summary Judgment. Therefore, this Rule 56(d) motion is required to ensure that the Plaintiff is not prejudiced by premature Summary Judgment against him because of Defendants' delays and failures.

---

1 See ECF 58 & 59.

## PROCEDURAL HISTORY

Plaintiff filed his Motion to Compel or, alternatively, for *in camera* review (ECF 62) on May 19, 2014. Even before Defendants' responded to Plaintiff's Motion to Compel and before fulfilling all their discovery obligations, Defendants filed for Summary Judgment on May 28, 2014.

Plaintiff is unaware of any Local Rule for the District of Maryland that requires him to confer with Defendants' counsel before filing a Rule 56(d) motion. Nevertheless, Plaintiff has conferred with Defendants' counsel via e-mail before filing this motion.

## ARGUMENT

### I.    Legal Standard For A Rule 56(d) Motion

Rule 56(d) of the Federal Rules of Civil Procedure provides:

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;
(2) allow time to obtain affidavits or declarations or to take discovery; or
(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

A Rule 56(d) motion must be granted "where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). Further, such motions are "broadly favored and should be liberally granted" in order to

protect nonmoving parties from premature summary judgment motions. *Greater Balt. Ctr. for Pregnancy Concerns, Inc. v. Mayor & City Council of Balt.*, 721 F.3d 264, 281 (4th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)).[2]

Plaintiff's Affidavit in accordance with Rule 56(d) is attached as Ex. 1.[3]

## II.      Plaintiff Meets The Requirements Pursuant To Rule 56(d)

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The sanction letters referenced in Plaintiff's Motion to Compel are critical to determine if Defendants retaliated against other UMBC students. Also, these documents are important in determining if the "sanctions were appropriate to the gravity of misconduct". Based on the documents that the Plaintiff has seen to date, there were several cases where rapists and perpetrators of violent crime were given much lesser sanctions than the Plaintiff, who was not even accused of threatening violence much less accused of committing any acts of violence. The Police Reports that the Plaintiff seeks are relevant to understand the Defendants' response to allegations of stalking on UMBC campus.

---

2 The language of Rule 56(d) appeared in Rule 56(f) before amendments in 2010, but these amendments made no substantial change to the rule. *Id.* at 375 n.6.

3 Even though Plaintiff has filed an affidavit, it is not mandatory under Rule 56(d). The failure to file an affidavit may be excused "if the nonmoving party has adequately informed the district court that the motion is premature and that more discovery is necessary" and the "nonmoving party's objections before the district court 'served as the functional equivalent of an affidavit.'" *Harrods*, 302 F.3d at 244-45 (internal citations omitted).

3

Defendants not dispute the existence of these records or its relevance, but has withheld or extensively redacted responsive documents by claiming FERPA, which the Plaintiff disagrees for reasons explained in detail in ECF 62. It is quite obvious that these Sanction Letters and Police Reports would provide material facts that would enable the Plaintiff to defeat Defendants' Motion for Summary Judgment.

Further, Defendants have not produced all the documents that they themselves agree were erroneously withheld from production. On May 4, 2014, Erik J. Delfosse, Counsel for Defendants sent Plaintiff an e-mail stating that there were documents that were inaccurately withheld under privilege and will be produced (ECF 62-2). Further, on June 3, 2014, after the Plaintiff had filed his Motion to Compel, he received another updated Privilege Log from the Defendants with further corrections. To date, Defendants have not completed production of these documents that the Plaintiff is entitled to during discovery.

Therefore, Plaintiff should be provided additional time to file his Opposition to Defendants' Motion for Summary Judgment so that he could incorporate evidence from the resolution of his Motion to Compel as well as from documents that were erroneously withheld from production.

### CONCLUSION

For the foregoing reasons, Plaintiff, Ranjith Keerikkattil respectfully requests that the Court grant him 21 days extension from a ruling on his Motion to Compel to file his Opposition to Defendants' Motion for Summary Judgment.

Respectfully submitted,



Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
443-690-1031 (tel.)
rkeerikkattil@gmail.com

*Plaintiff, pro se*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of June, 2014, a copy of the foregoing was served by electronic mail and via ECF to:

> Erik J. Delfosse
> Assistant Attorney General
> Office of the Attorney General
> 200 St. Paul Place, 17th Fl.
> Baltimore, Maryland 21202-2021
> (410) 576-6412 (tel.)
> (410) 576-6437 (fax)
> edelfosse@oag.state.md.us
> *Attorney for Jeffrey E. Cullen and Paul Dillon*

