IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANJITH KEERIKKATTIL

    *Plaintiff,*

v.      Civil Action No. WMN-13-02016

FREEMAN A. HRABOWSKI, *et al.*
    *Defendants.*

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO COMPEL OR, ALTERNATIVELY, FOR IN CAMERA REVIEW

### INTRODUCTION

Plaintiff Ranjith Keerikkattil files this reply in support of his Motion to Compel. Plaintiff filed his Motion to Compel or, alternatively, for *in camera* review (ECF 62) on May 19, 2014. In it, Plaintiff requested the court to order Defendants to produce information that Defendants improperly withheld under FERPA and Attorney-Client Privilege. Defendants filed an opposition to Plaintiff's motion on June 3, 2014. Along with their opposition brief, Defendants provided an updated Privilege Log admitting to and correcting the deficiencies pointed out by the Plaintiff with respect to Attorney-Client Privilege (ECF 68-7). However, Defendants still continue to withhold and redact relevant information from Sanction Letters[1] and Police Reports even though Defendants concede

---

1 The term "Sanction Letters" includes charge letters, sanction letters and appellate board letters (as applicable) maintained by UMBC's Office of Student Judicial Programs under the custodial control of its Director, Defendant Jeffrey E. Cullen.

that Police Reports are Law Enforcement Records not covered under FERPA (ECF 68 at 5). This reply will reinforce Plaintiff's arguments on why the information withheld and redacted by Defendants from Police Reports and Sanction Letters should be disclosed.

## ARGUMENT

### I. FERPA Explicitly Permits Disclosure Of Names of Perpetrators of Crimes of Violence

Defendants in their opposition do not dispute that the Sanction Letters sought involves crimes of violence and non-forcible sex offenses. Traditionally, universities like UMBC have been covering up rapes, sexual assaults and violent crimes on campus to protect their reputation and rankings at the expense of victims. Recognizing this, Congress amended FERPA as part of Higher Education Amendments of 1998 (P.L. 105-244, Oct. 7, 1998)[2] to permit the disclosure of identities of perpetrators of crimes of violence and non-forcible sex offenses (Ex. 1 at 8). In fact, even UMBC's Office of General Counsel concurs with Plaintiff's claims[3] (Ex. 2 at 3). This was to ensure that crimes committed on campuses are effectively prosecuted as well as to ensure restitution to victims. Since all the Sanction Letters sought by the Plaintiff involves perpetrators of crimes of violence and non-forcible sex offenses, the amendments to FERPA explicitly permitting the disclosure of these records apply and hence they should be released with names and addresses unredacted.

---

2 See U.S. Department of Education, "Legislative History of Major FERPA Provisions", available at http://www2.ed.gov/policy/gen/guid/fpco/ferpa/leg-history.html (last accessed June 19, 2014).
3 See UMBC Office of General Counsel, "UMBC Notification of Rights under FERPA for Postsecondary Institutions", available at http://umbc.edu/ogc/docs/2011%20FERPA%20Notification.pdf (last accessed June 19, 2014).

2

Further, the case *Gonzaga Univ v. Doe*[4] cited by Defendants actually favors disclosure. In *Gonzaga Univ*, the Supreme Court held that there is no private right for Plaintiffs to claim damages for violations of FERPA by disclosing student records (Ex. 3). Therefore, Defendants cannot be sued for damages by students for disclosing their disciplinary records thereby favoring disclosure.

## II. Defendants Did Indeed Use The Crime of Violence Exception of FERPA To Release Plaintiff's Appellate Board Letter To Soutry De

It is clear from court records that Soutry De was facing trial over charges of stalking and harassing the Plaintiff in the Circuit Court for Baltimore County. She was scheduled for trial in front of The Honorable Kathleen G. Cox on January 15, 2013. It was just before her trial that the Plaintiff's student judicial hearing occurred. Soutry De was aware of the trial date since the Clerk for the Circuit Court for Baltimore County, Julie Ensor, had mailed her the trial date notification on December 6, 2012. So was Defendant Paul Martin Dillon who was by then having sexual relations with Soutry De.[5] Soutry De and Defendant Dillon calculated that by finding Plaintiff responsible for violations of Code of Student Conduct and making Soutry De a "victim" under FERPA, they could invoke the crime of violence exception to disclose the Sanction Letter (ECF 68-3) in the Circuit Court. So, a few minutes before the start of the hearing, Soutry De, Defendant Dillon and Defendant Cullen met in a closed room[6] and soon after she was made a "victim" under FERPA without

---

4 536 U.S. 273 (2002)
5 At this time Paul Martin Dillon was married to Cynthia Beeg Dillon of 4616 Terry Dr, Ellicott City and Principal at Patapsco Middle School. However, he chose to have certainly inappropriate and potentially unlawful sexual relations with Soutry De, who is less than half his age. Plaintiff intends to introduce evidence including phone records, texts and/or e-mails during trial.
6 By Soutry De's own admission. *See* ECF 17 at 3 (Answer 37).

3

any justification. And Soutry De did indeed use the Appellate Decision Letter during her trial. Defendants claim that "institution may not disclose the name of any student without the students consent" (ECF 68 at 4). As an irony, Defendants used the same crime of violence exception of FERPA to disclose Plaintiff's Appellate Decision Letter to Soutry De. So, if the Defendants claim that disclosure without student's consent violates FERPA, they are admitting that they had violated FERPA themselves since the Plaintiff never gave them consent to disclose.

### III.  Defendants Had Inappropriately Accessed And Disclosed Plaintiff's SSN and DOB

Even when Defendants cite FERPA to deny even name and addresses of perpetrators of crimes of violence and non-forcible sex offenses, they never cared about FERPA when they inappropriately and potentially illegally accessed Plaintiff's most private information such as SSN and DOB, and disclosed it to non-parties during their subpoena requests.[7] Plaintiff never gave Defendants the authorization to access or more importantly disclose his SSN and DOB (Ex. 4 at 3).[8] Rather, they used their power and access to obtain them and didn't care about FERPA violations when they disclosed them. So the bottom line is quite obvious. When there is information that is unfavorable to Defendants, they use FERPA to prevent its disclosure. However, when there is information that would benefit the Defendants, FERPA protections do not apply. A clear double standard.

---

7 ECF's 44-2, 44-3, 44-4 and 44-5.
8 Defendants also erroneously claim that UMBC was a Defendant. UMBC was never a Defendant. So their claim that they had access to Plaintiff's SSN as UMBC employees because UMBC was a Defendant lacks merit.

## IV. Plaintiff Only Seeks Names And Addresses of Perpetrators

Plaintiff only seeks *names and address of perpetrators* on the Sanctions Letter and Police Reports and does not seek other confidential information such as SSN or DOB. Plaintiff also does not seek any information on victims. Plaintiff is completely willing to have any other information other than names and address of perpetrators on the sanctions letter redacted. Besides, names and addresses are directory information not subject to FERPA protections (Ex. 2 at 4) and can be disclosed without student's consent according to UMBC's Office of General Counsel.

## V. The Sanction Letters And Police Reports With Names And Addresses Unredacted Are Relevant to Plaintiff's First Amendment Retaliation Claims

The Federal Rules of Civil Procedure "freely permit discovery that is broad in scope." *Bassi & Bellotti S.p.A. v. Transcon. Granite, Inc.*, No. DKC-08-1309, 2010 WL 3522437, at *3 (D. Md. Sept. 8, 2010); see Fed. R. Civ. P. 26(b)(1) ("Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.").

One of the tenets of Plaintiff's retaliation claim is that he was given sanctions disproportionate to the gravity of the offense. Defendant Cullen had admitted during his deposition that the Sanction Letters do not contain the complete details of the offenses committed by students. During deposition, Plaintiff asked Defendant Cullen why a student

5

found guilty for rape was given much less sanctions than the Plaintiff. His response was that the Sanction Letters do not contain the full details of the offense committed by the student and these were in Police Reports that was available to him. Therefore, the gravity of offenses committed by the students can only be determined by linking Sanction Letters with Police Reports and other court documents and would enable the Plaintiff to challenge Defendants' claims that the sanctions were in in accordance with the gravity of misconduct.

### VI. **Defendants Have Not Established A Valid Reason For Withholding Information**

After finding that FERPA doesn't apply to Police Reports and that their FERPA claim may not hold merit due to the crime of violence exception, Defendants now question the relevance of names and addresses of perpetrators of violent crimes and sexual offenses. Plaintiff has already stated the relevance of the currently withheld information before. Apparently, there are two main reasons why Defendants are fighting tooth and nail to avoid disclosing the names and addresses of perpetrators of violent crimes on campus:

1. Defendant Dillon along with his supervisor Mark Sparks and Defendant Cullen have been actively covering up rapes, sexual assaults and violent crimes on UMBC campus. A thorough analysis of UMBC's Clery Reports from 2010-2012 and the Sanctions Letters from 2010-2012 clearly indicates that UMBC under reported sexual assaults on its Clery Reports (Ex. 5). If the Plaintiff gets the names and addresses of offenders, he could easily link Sanction Letters with Police Reports and other court documents and could expose their cover-ups. This would subject them to civil and criminal penalties that they fear.

6

2. Plaintiff will be able to identify other students who were subjected to retaliation by Defendants and will be able to contact them at their address to testify against them that they want to avoid.

As stated before Defendants do not really care about FERPA. Rather, they are attempting to use FERPA as a shield to cover up their misconduct and to withhold information that would harm their defense.

### VII. Plaintiff Withdraws His Request For *in camera* Review

Plaintiff had requested for an *in camera* review of documents that were withheld under the guise of Attorney-Client Privilege. Even though Defendants had claimed Attorney-Client Privilege, they failed to meet the requirements for a Privilege Log (ECF 62-1 at 7). Besides, Defendants did admit that there were documents that were erroneously withheld under Attorney-Client Privilege. As a consequence of Plaintiff filing this instant motion, Defendants have provided him the previously withheld documents as well as an updated Privilege Log rectifying the deficiencies that the Plaintiff pointed out in ECF 62.[9] Since the Plaintiff has already prevailed in this regard, he withdraws his request for *in camera* review.

### CONCLUSION

For the foregoing reasons, Plaintiff, Ranjith Keerikkattil respectfully requests that the Court grant his motion to compel and order Defendants to produce Sanction Letters

---

9 It is amusing to note that Plaintiff who is *pro se* and a non-attorney has to explain the elements of Attorney-Client Privilege and the requirements for a Privilege Log to Mr. Delfosse, a member of Maryland Bar since 1991.

and Police Reports with *only names and addresses* unredacted. Concurrently, Plaintiff also withdraws his request for *in camera* review for documents that were previously withheld under the guise of Attorney-Client Privilege since Defendants have provided them to the Plaintiff *after* filing this motion.

Respectfully submitted,



Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
443-690-1031 (tel.)
rkeerikkattil@gmail.com

*Plaintiff, pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of June, 2014, a copy of the foregoing was served by electronic mail and via ECF to:

> Erik J. Delfosse
> Assistant Attorney General
> Office of the Attorney General
> 200 St. Paul Place, 17th Fl.
> Baltimore, Maryland 21202-2021
> (410) 576-6412 (tel.)
> (410) 576-6437 (fax)
> edelfosse@oag.state.md.us
> *Attorney for Jeffrey E. Cullen and Paul Dillon*