IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RANJITH KEERIKKATTIL

    *Plaintiff,*

v.

    Action No. WMN-13-02016

FREEMAN A. HRABOWSKI, et al.
    *Defendants.*

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**PLAINTIFF'S REPLY IN SUPPORT OF
RULE 56(d) MOTION FOR EXTENSION OF TIME**

**INTRODUCTION**

Plaintiff Ranjith Keerikkattil files this reply in support of his Rule 56(d) motion for extension of time to file his Opposition to Defendants' Motion for Summary Judgment and to stay Defendants' motion (ECF 64) until the Court rules on his Motion to Compel (ECF 62). Despite the fact that Defendants have missed many discovery deadlines and even after the Plaintiff giving Defendants additional time to complete their discovery obligations, Defendants now object to a 21 day extension from the completion of their discovery obligations for the Plaintiff to file an Opposition to Defendants' Motion for Summary Judgment.

# ARGUMENT

## I. Defendants Have Not Demonstrated Prejudice From Extension of Time

The Defendants fail to state how an extension of time would prejudice them. First of all Plaintiff does not request the court to deny Defendants' Motion for Summary Judgment but rather delay its consideration so that the Plaintiff has all the responsive information to challenge Defendants' motion. The jury trial is scheduled to begin only on October 20, 2014 (ECF 63) providing Defendants more than enough time to respond to any opposition from the Plaintiff as well as to oppose any Cross-Motion for Summary Judgment. In the absence of any prejudice demonstrated by the Defendants, the Plaintiff should be granted extension of extension of time since Rule 56(d) motions are "broadly favored and should be liberally granted" (ECF 69 at 2).

## II. Information Sought in Plaintiff's Motion to Compel Relevant to His Opposition to Defendants' Motion for Summary Judgment

Plaintiff incorporates his Reply in support of his Motion to Compel (ECF 71) in its entirety. Defendants attempted to use FERPA to prevent disclosure of responsive documents even in cases such as Police Reports where FERPA does not apply. Besides, for responsive Sanction Letters, the crime of violence exception under FERPA applies. So there is a high probability of Plaintiff prevailing on his motion to compel and receive currently withheld responsive information. Besides, Defendants themselves admit that an updated proper Privilege Log and documents that were erroneously withheld under Attorney-Client Privilege were provided only *after* Plaintiff had filed his Motion to Compel

(ECF 70 at 2). It is also relevant to note that they were provided *after* the Defendants filed their Motion for Summary Judgment.

As the Plaintiff had already stated in his Reply in support of Motion to Compel, Defendant Cullen had admitted during his deposition that the Sanction Letters do not contain the complete details of the offenses committed by students (ECF 71 at 5). Therefore, the gravity of offenses committed by the students can only be determined by linking Sanction Letters with Police Reports and other court documents and would enable the Plaintiff to challenge Defendants' claims that the sanctions were in accordance with the gravity of misconduct. Any evidence that shows that the sanctions were not in accordance with the gravity of misconduct would "by itself create a genuine issue of material fact" and, as such, a denial of Plaintiff's Rule 56(d) Motion would be inappropriate. *Pisano, et al. v. Strach, et al.*, 743 F.3d 927, 931 (4th Cir. 2014). Besides, *Pisano* cited by Defendants also state that the court "should hesitate before denying a Rule 56(d) motion when the nonmovant seeks necessary information possessed only by the movant." *Id.* The information sought by Plaintiff is possessed only by Defendants and cannot be obtained from any other sources. Therefore, the court should grant Plaintiff's Rule 56(d) Motion so that he could use the *information possessed only by the Defendants* to challenge their Motion for Summary Judgment.

### III. Defendants Have Not Fulfilled Their Discovery Obligations Within Time Limits

Defendants cannot and do not dispute that they had missed may of their discovery deadlines. They even submitted the final discovery status report with this court 5 days after

3

the due date on April 25, 2014 (ECF 59). The status report itself states that there were discovery requests pending for Defendants to fulfill even though they were give a 2 month extension of discovery. Despite all this, Plaintiff had agreed to many of Defendants requests for extension of time so that they could fulfill their discovery obligations. Now after giving them way more time than required under FRCP as a courtesy, Defendants protest against giving Plaintiff additional time to oppose their Motion for Summary Judgment, even when such an extension was needed due to delays on the Defendants side. Plaintiff on the other hand had fulfilled all his discovery obligations as early as the initial discovery deadline of February 20, 2014. Therefore, the Plaintiff should not be prejudiced because of Defendants delays.

## CONCLUSION

For the foregoing reasons, Plaintiff, Ranjith Keerikkattil respectfully requests that the Court grant him 21 days extension from a ruling on his Motion to Compel to file his Opposition to Defendants' Motion for Summary Judgment.

Respectfully submitted,


_____

Ranjith Keerikkattil
4707 Grand Bend Drive
Catonsville, MD 21228
443-690-1031 (tel.)
rkeerikkattil@gmail.com

*Plaintiff, pro se*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of June, 2014, a copy of the foregoing was served by electronic mail and via ECF to:

Erik J. Delfosse
Assistant Attorney General
Office of the Attorney General
200 St. Paul Place, 17th Fl.
Baltimore, Maryland 21202-2021
(410) 576-6412 (tel.)
(410) 576-6437 (fax)
edelfosse@oag.state.md.us
*Attorney for Jeffrey E. Cullen and Paul Dillon*

_____