UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

June 30, 2014

LETTER TO COUNSEL

RE:   *Ranjith Keerikkattil v. Freeman A. Hrabowski et al.*, Civil No. WMN-13-2016

Dear Counsel:

This matter has been referred to me for discovery disputes and related scheduling matters. [ECF No. 51]. Plaintiff Ranjith Keerikkattil ("Plaintiff") has filed a Motion to Compel or, Alternatively, For *In Camera* Review.[1] [ECF No. 62]. Defendants Paul Dillon and Jeffrey E. Cullen ("Defendants") have opposed the motion [ECF No. 68], and Plaintiff has filed a reply memorandum [ECF No. 71]. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Plaintiff's motion will be GRANTED in part and DENIED in part.

Plaintiff seeks certain "charge letters, sanction letters and appellate board letters" maintained by the UMBC Office of Student Judicial Programs. Pl.'s Mot. 1. Plaintiff also seeks police reports and related records in which any UMBC student was alleged of stalking. *Id.* at 2. The Defendants produced documents in response to Plaintiff's requests; however, they redacted information identifying the students. Plaintiff asks this Court to compel the Defendants to provide sanction letters and police reports that clearly identify the names and addresses of students. Pl.'s Reply 7–8. Plaintiff claims that this information is relevant to his First Amendment retaliation claim, in which he asserts that the Defendants imposed a disciplinary sanction disproportionate to his offense, in retaliation for his decision to defend himself against charges of misconduct. The Plaintiff intends to link the sanction letters to the police reports in order to challenge the Defendants' claim that the sanctions imposed against him were proportional to his offense. Pl.'s Reply 6.

I.   Analysis

FERPA protects educational records, and the personally identifiable information that they contain, from improper disclosure. FERPA states, in relevant part, that no funds will be made available to any educational agency or institution "which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information…) of students without the written consent of their parents to any

---

[1] Plaintiff has withdrawn his request for *in camera* review of documents withheld by the Defendants on the ground of attorney-client privilege. *See* Pl.'s Reply 7. The Defendants have provided the Plaintiff with an updated privilege log, which resolved the dispute. Defs.' Resp. Ex. 6.

individual agency, or organization…" 20 U.S.C. § 1232g(b)(1).  FERPA "does not provide a privilege against disclosure of student records."  *Rios v. Read*, 73 F.R.D. 589, 598 (E.D.N.Y. 1977).  FERPA's nondisclosure provisions also "fail to confer enforceable rights."  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002).  "Rather, by threatening financial sanctions, [FERPA] seeks to deter schools from adopting policies of releasing student records."  *Rios*, 73 F.R.D. at 598.

### A. Sanction Letters

The Plaintiff seeks an array of UMBC disciplinary sanction letters and a chart of student misconduct, which the Defendants have withheld or redacted on grounds that the information is either protected from disclosure by FERPA, or irrelevant.  The parties dispute how much information an institution can reveal pursuant to FERPA's provision governing non-consensual disclosure of records in connection with certain disciplinary proceedings.  FERPA does not prohibit an institution of postsecondary education from disclosing, without a student's consent,

> the final results of any disciplinary proceeding conducted by such institution against a student who is an alleged perpetrator of any crime of violence…or a nonforcible sex offense, if the institution determines as a result of that disciplinary proceeding that the student committed a violation of the institution's rules or policies with respect to such crime or offense.

20 U.S.C. § 1232g(b)(6)(B).[2]  The "final results" of any disciplinary proceeding "(i) shall include only the name of the student, the violation committed, and any sanction imposed by the institution on that student."  *Id.* at 1232g(b)(6)(C).  The "final results" may also include "the name of any other student, such as a victim or witness, only with the written consent of that other student."  *Id.*; *see also* 20 C.F.R. § 99.31(14)(i).  The Defendants state that they have provided the Plaintiff with the full text of all charge letters, sanction letters, and appellate board letters, but that they have withheld information that the Plaintiff could use to contact either the victim or the charged student.  Defs.' Resp. 4.

As evidenced by the text of the statute, the institution is not prohibited from disclosing the "final results" of certain disciplinary proceedings, and "final results" are narrowly defined.  They include *only*: (1) the name of the student, (2) the violation committed, and (3) the sanction imposed. The institution *may* further include the name of another student, such as a victim or witness, only with that student's consent.  While FERPA permits an institution to reveal such limited information, I agree with the Defendants that the names and addresses of students are

---

[2] FERPA refers to 18 U.S.C. § 16 for the definition of a "crime of violence."  The term is defined as "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 16.  Regulations to FERPA enumerate the following offenses as crimes of violence: arson, assault offenses, burglary, criminal homicide (manslaughter by negligence and murder and non-negligent manslaughter), destruction, damage, or vandalism of property, kidnapping or abduction, robbery, and forcible sex offenses.  20 C.F.R. § 99.39.  The regulation further defines an alleged perpetrator of a non-forcible sex offense as "a student who is alleged to have committed acts that, if proven, would constitute statutory rape or incest."  *Id.*

irrelevant to drawing the link that Plaintiff seeks to establish between sanction letters and police reports. Moreover, Congress passed FERPA "to protect parents' and students' rights to privacy by limiting the transferability of their records without their consent." *United States v. Miami Univ.*, 294 F.3d 797, 806 (6th Cir. 2002) (internal quotations omitted). In the interest of safeguarding the privacy rights of students, coupled with the irrelevancy of the information sought to Plaintiff's case, I do not find it appropriate to compel the Defendants to disclose the names and addresses of students in its sanction letters.

### B. UMBC Police Reports

I similarly decline to order the Defendants to disclose the names and addresses of students contained in police reports and related records. FERPA excludes from its definition of "education records" those records "maintained by a law enforcement unit of the educational agency or institution that were created by that law enforcement unit for the purpose of law enforcement." 20 U.S.C. 1232g(a)(4)(B)(ii). The parties agree that the police reports that are the subject of Plaintiff's motion to compel are squarely law enforcement records under FERPA, and thus, the statute does not prohibit their disclosure. Pl.'s Mot. 3–4; Defs.' Resp. 5–6. As noted above, however, the disclosure of students' personally identifiable information contained in the requested records is properly withheld because the information sought is irrelevant to the action.

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery. It provides that, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is viewed liberally. *See United Oil Co., Inc. v. Parts Assocs., Inc.*, 227 F.R.D. 404, 409 (D. Md. 2005). Plaintiff has established that the sanction letters and police reports are relevant to determining whether the sanctions imposed against him were disproportionate to sanctions imposed against other students alleged of stalking. However, Plaintiff need not acquire the names and addresses of other students to make his point, rendering those items irrelevant to either party's claim or defense. The Defendants, having the benefit of full access to the documents at issue, should draw the connection that Plaintiff seeks. To that end, I will require the Defendants to match students' sanction letters to the corresponding police reports, if applicable. The Defendants should identify each student in a way that preserves that student's privacy, by, for example, labeling each student generically as "Student 1" or "Student A." This compromise allows the Plaintiff to gather evidence relevant to his First Amendment retaliation claim, while still preserving the privacy interests that FERPA was designed to protect. Should the Plaintiff later develop a need for other students' personally identifiable information, he may apply to the Court and state with particularity the basis for that request.

For the reasons set forth herein, Plaintiff's Motion to Compel is GRANTED in part and DENIED in part. The Defendants should comply with the Court's order as described herein by **Monday, July 7, 2014**.

Despite the informal nature of this letter, it is an Order of the Court and shall be docketed as such.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

cc:     Hon. William M. Nickerson