CHAMBERS OF
WILLIAM M. NICKERSON
SENIOR UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
FACSIMILE (410) 962-2577

June 30, 2014

To Ranjith Keerikkattil, pro se plaintiff, and
all defense counsel of record

Re:   Ranjith Keerikkattil v. Freeman A. Hrabowski, et al.
      Case No. WMN-13-2016

Dear Mr. Keerikkattil and Counsel:

Before the Court is a Motion for Extension of Time, filed by Plaintiff Ranjith Keerikkattil. ECF No. 69. Plaintiff seeks a twenty-one day extension of time to respond to Defendants' Motion for Summary Judgment under Federal Rule of Civil Procedure 56(d), contending that he "has not had the opportunity to discover information that is essential to his opposition." See Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002) (quoting Anderson v. Liberty Lobby, Inc., 477 U .S. 242, 250 n.5 (1986)). Plaintiff asserts that, in order to adequately oppose Defendants' Motion for Summary Judgment, he requires unredacted copies of charge letters, sanction letters, and appellate board letters, as well as unredacted police reports and related records in which any UMBC student was accused of stalking.[1] Those documents and redacted information were the subject of a recent Motion to Compel, ECF No. 62, which was granted in part and denied in part by Judge Gallagher on June 30, 2014. ECF No. 73.

Federal Rule of Civil Procedure 56(d) provides that, "[i]f a movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition [to a summary judgment motion], the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Motions filed under Rule 56(d) are "'broadly favored and should be liberally granted' in order to protect non-moving parties from premature summary judgment motions." McCray v. Maryland Dept. of Transp., 741 F.3d 480, 483 (4th Cir. 2014) (quoting Greater Balt. Ctr. For Pregnancy Concerns, Inc. v. Mayor & City Council of Balt., 721 F.3d 264, 281 (4th Cir. 2013)). In considering a motion filed under Rule 56(d), the Court must consider whether the information being sought would, by itself, create "a genuine issue of material fact to defeat summary judgment." Strag v. Bd. of Trustees, 55 F.3d 943, 954 (4th Cir. 1995).

---

[1] Defendants indicate that the only information redacted was information identifying the students, including their names and addresses. ECF No. 70 at 3.

Plaintiff asserts that the redacted information contained in the police reports and sanction letters provided to him in discovery is essential to his Opposition. Specifically, he contends that without such identifying information, he cannot determine the relationship between the sanction letters and police reports, and therefore cannot ascertain whether the sanctions "were appropriate to the gravity of misconduct." ECF No. 72 at 3. Upon review of the police reports, ECF No. 70-9, the summary table of Rule 2 letters, ECF No. 70-6, and the 2012-2013 sanction letters, ECF No. 70-7, the Court understands Plaintiff's inability and desire to match the sanction letters to the police reports in order to determine how UMBC responded to each instance of alleged stalking-related conduct. The Court also believes that such information could be crucial for Plaintiff in determining whether he received an enhanced sanction.[2] See ECF No. 19 at 16-19 (noting that the adverse action alleged by Plaintiff is that he received a sanction greater than he would have if he had elected not to defend himself against the charges).

Judge Gallagher's recent ruling reflects the relevancy of the withheld information, and permits the Defendants to remedy this defect by matching the student sanction letters to the corresponding police reports, if applicable, without disclosing the identifying information of the students. Judge Gallagher further ordered the Defendants to comply with her order by Monday, July 7, 2014. Given this Court's determination that the information ordered by Judge Gallagher is essential to Plaintiff's Opposition, the Court will grant Plaintiff seventeen days[3] from July 7, 2014, to respond to Defendants' Motion for Summary Judgment.

---

[2] Defendants appear to argue, in their Motion for Summary Judgment, that the Board disregarded Mr. Dillon's recommendation for an indefinite suspension and imposed a lesser sanction instead. This assertion alone, however, may not be dispositive of the issue of whether Plaintiff suffered an adverse action. It is possible that the information sought by Plaintiff could create a genuine issue of material fact.

[3] The seventeen days represents the fourteen-day response time noted in Local Rule 104.2(a) plus three days for delivery under Federal Rules of Civil Procedure 6(d) and 5(b)(2)(C). The Court believes the standard time to respond is sufficient given the minimal amount of additional information that Plaintiff is requesting.

Additionally, the Court notes that trial is rapidly approaching, particularly given that Plaintiff indicated in his briefing that he intends also to file a cross-motion for summary judgment, which will extend the briefing schedule. The Court therefore cautions the parties against filing additional motions for extension of time absent the demonstration of good cause.

Notwithstanding the information nature of this correspondence, it is an Order of the Court and will be docketed as such.

_____/s/_____
William M. Nickerson
Senior United States District Judge

cc: Court File